■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN MAYERS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered April 2, 1982, convicting him of robbery in the first degree, burglary in the second degree, and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Tsoucalas, J.), of those branches of defendant's pretrial motion which sought to suppress certain identification testimony. ¶ Judgment affirmed. The case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). ¶ Defendant stands convicted of the gunpoint robbery of two senior citizens. On this appeal, he claims that those branches of his pretrial motion which sought to suppress certain identification testimony were improperly denied, that one of the complainants' identification testimony was impermissibly bolstered, that the arresting officer was erroneously permitted to testify concerning his postarrest silence, that he is entitled to a new trial because the People withheld certain evidence from the defense, and that his sentence is excessive. We affirm and discuss the contentions in seriatim. ¶ The showup, which occurred shortly after the robbery and not far from the scene of the crime, was an appropriate measure to secure a prompt and reliable identification of the perpetrators (*People v Love,* 57 NY2d 1023; *People v Soto,* 87 AD2d 618). Defendant's rights were not violated by compelling him to don a black turtleneck sweater that he allegedly wore at the time of the robbery (see *People v Cwikla,* 46 NY2d 434, 443-444; *United States v Gaines,* 450 F2d 186, 195, cert den 405 US 927). In any event, there was an independent basis for the in-court identification as the complainant who made that identification was able to observe the defendant in her well-lighted kitchen and in her basement (see, e.g., *People v Johnson,* 79 AD2d 617). ¶ The bolstering claim rests upon the fact that one of the police officers, during his testimony, volunteered that the "complainants were brought to the scene and made an identification at the scene". Defense counsel, however, could not hear the statement, which was read back at a side bar, and the prosecutor, who did not elicit the statement, did not pursue it and did not mention it in summation. Consequently, any error arising from this isolated comment was harmless (see *People v Johnson,* 57 NY2d 969). ¶ We similarly find no merit to the claim that impermissible use was made of defendant's postarrest silence (*Doyle v Ohio,* 426 US 610; *People v Conyers,* 52 NY2d 454). First, the issue was not preserved for appellate review. Defense counsel's belated objection was sustained and he did not seek a curative instruction or a mistrial, thus waiving any error (see, e.g., *People v Medina,* 53 NY2d 951, 953; *People v Lewis,* 79 AD2d 977). Moreover, defendant, in fact, did not remain silent. He stated to the police upon arrest that he did not have a gun (see *People v Savage,* 50 NY2d 673, cert den 449 US 1016; *People v Davis,* 92 AD2d 177, 187). ¶ Defendant's next contention rests upon the People's failure to turn over items which he claims are exculpatory or

constitute newly discovered evidence. Actually, as the trial court found at a postverdict hearing, many of these items inculpate the defendant. They do not create the reasonable doubt as to guilt necessary to overturn a verdict (see *United States v Agurs,* 427 US 97; *People v Andre W.,* 44 NY2d 179). Moreover, the statements contained in the probation reports of the coarrestees were not in the control of the prosecution (CPL 390.50, subd 1), and were, therefore, not discoverable prior to trial (CPL 240.20). In addition, the trial court properly found that the defendant failed to demonstrate that the written statements of a witness who testified against the defendant at trial were in the People's possession at the time of trial. ¶ Finally, we perceive no basis for modification of the sentence. Mollen, P. J., Titone, O'Connor and Weinstein, JJ., concur.