■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY ANDERSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 10, 1982, convicting him of robbery in the first degree, robbery in the second degree (two counts), and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Although evidence of a photo array and a lineup was suppressed, it was not error to permit the victim's in-court identification of defendant because the victim had ample opportunity to view defendant during the perpetration of the crime, which provided an independent basis therefore (see *People v Ballott,* 20 NY2d 600; *People v Griffin,* 106 AD2d 402; *People v Burnett,* 81 AD2d 868). We further note that the evidence adduced at trial was sufficient to prove that the victim suffered "substantial pain" within the meaning of subdivision 9 of section 10.00 and subdivision 2 of section 160.10 of the Penal Law. Therefore, defendant's motion for dismissal of the robbery in the second degree charge was properly denied (see *People v Rojas,* 61 NY2d 726, 727; *People v Coward,* 100 AD2d 628). Finally, there is no basis for finding that the trial court abused its discretion with respect to the sentence imposed or that we should exercise our discretion by reducing the sentence (*People v Suitte,* 90 AD2d 80, 86-87). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.