■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM THOMPSON, Appellant.

The defendant challenges the denial of that branch of his omnibus motion which was to suppress "buy money" found on his person after his alleged sale of cocaine to an undercover police officer. Specifically, the defendant contends that suppression of the money is warranted because the People failed to present evidence that the content of the radio communication from the undercover police officer to the arresting officer was sufficient to constitute probable cause to arrest the defendant.

Initially, we note that while this issue was raised upon the defendant's prior appeal from his conviction for possession of marihuana in the second degree *(see, People v Thompson,* 108 AD2d 942), the defendant is not collaterally estopped from pursuing the issue on this appeal because a determination thereof was not necessary upon the prior appeal. However, as we stated in dictum therein, the issue of the sufficiency of the content of the radio communication has not been preserved for appellate review as a matter of law *(cf. People v Tutt,* 38 NY2d 1011; *People v Jones,* 81 AD2d 22). At no point was this issue "interjected at the fact-finding level in such a manner and at such a time as to fairly apprise the court and the opposing party of the nature and scope of the matter contested, and to allow the necessary evidentiary treatment and trial-level advocacy to be pursued" *(People v Jones, supra,* pp 41-42). There is no merit to the defendant's contention that the failure of his trial counsel to preserve this issue for appellate review constituted ineffective assistance of counsel so as to warrant reversal *(see, People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.