■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANFORD K. DENNIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mallon, J.), rendered May 15, 1984, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that his arrest was not based upon probable cause and, therefore, the physical evidence obtained from him should have been suppressed as the fruits of an illegal arrest. We disagree. The defendant was seized by the arresting officer along the burglar's anticipated escape route. The defendant matched the complainant's general physical description of the burglar, which included sex, race and size, and was carrying distinctive clothing worn by the burglar during the commission of the crime, to wit, a black jacket and a light-colored golf cap *(see, United States v Fay,* 240 F Supp 591; *People v Chapman,* 103 AD2d 494; *cf. People v Riddick,* 110 AD2d 787). The defendant also had in his possession a screwdriver. According to the complainant, he had informed the arresting officer and his partner, prior to their search for the perpetrator, that when he confronted the intruder inside his home, the intruder had produced a sharp instrument from his back pocket and used it to threaten the complainant. Additionally, the defendant's reaction to the police encounter evidenced the state of mind of one who had just committed a crime *(see, People v Johnson,* 102 AD2d 616, 624-625). Based on the aforenoted facts and circumstances known to the arresting officer, that officer possessed probable cause to arrest the defendant as the perpetrator of the burglary.

We also reject the defendant's contention that the showup was unnecessarily suggestive. Showups which are close in time and location to the scene of the crime, as occurred here, are appropriate measures to secure prompt and reliable iden-

tifications *(People v Brnja,* 50 NY2d 366, 372; *see, People v Fleury,* 106 AD2d 460). Although displaying the defendant to the complainant while he was handcuffed was less than ideal, it did not render the showup constitutionally infirm *(see, People v Johnson, supra,* at p 627; *People v Thomas,* 105 AD2d 1098). Nor was the showup rendered unnecessarily suggestive when the defendant was compelled to don the black jacket and cap that he allegedly wore at the time of the burglary *(see, People v Mayers,* 100 AD2d 558). In any event, there clearly was an independent basis for the complainant's in-court identification as he had observed and conversed with the burglar under good lighting conditions, from a distance of approximately four feet and for a period of about three minutes.

We have reviewed the arguments raised in the defendant's supplemental brief and find them to be without merit. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.