■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD WEST, Also Known as EUGENE WEST, Appellant.— Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered September 9, 1983, convicting him of robbery in the first degree (eight counts), robbery in the second degree (four counts) and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The evidence in the record supports the hearing court's finding that the showup identification procedure which occurred at the scene of the crime approximately an hour to an hour and a half after the robbery was appropriately and lawfully conducted in the interest of securing a prompt and reliable identification of the defendant as the perpetrator *(see, People v Love,* 57 NY2d 1023; *People v Mayers,* 100 AD2d 558). Unlike the circumstances presented in the case of *People v Adams* (53 NY2d 241), each of the five victims separately viewed the defendant and positively identified him as one of the robbers. There was an independent basis for the in-court identification of the defendant by each of the five victims as

they had ample opportunity to observe the defendant during the commission of the crime. In addition, three of the five victims had observed the defendant prior to the commission of the crime walking down the street near the residence that was the scene of the crime *(see, People v Anderson,* 107 AD2d 751; *People v Rivera,* 108 AD2d 935). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence.

Further, the evidence adduced at trial was sufficient in both quantity and quality to support the jury's verdict finding the defendant guilty as charged beyond a reasonable doubt. The prosecution not only presented the testimony of the eyewitnesses identifying the defendant as the perpetrator, but also submitted evidence of a latent partial palm print found at the scene of the crime which was identified by an expert as that of the defendant. On this record, we find no basis to disturb the jury's determination *(see, People v Bauer,* 113 AD2d 543; *People v Otero,* 126 AD2d 698). Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.