■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FRANCE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered December 2, 1985, and an amended judgment of the same court (Boklan, J.), rendered January 3, 1986.

Ordered that the judgment and amended judgment are affirmed (see, People v Pellegrino, 60 NY2d 636; People v Suitte, 90 AD2d 80). Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GAGLIANO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 13, 1985, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By pleading guilty, the defendant waived his claim with respect to the denial of his motion to dismiss the indictment based upon factually insufficient evidence (see, People v Di Raffaele, 55 NY2d 234; CPL 210.30 [6]).

The defendant did not assert his objections to the adequacy of the plea allocution in the court of first instance and therefore failed, as a matter of law, to preserve his claims for appellate review (see, People v Pellegrino, 60 NY2d 636; People v Warren, 47 NY2d 740; People v Santiago, 100 AD2d 857). Nor does the interest of justice warrant reversal as it is clear from the record that the plea was entered into knowingly and voluntarily (see, People v Harris, 61 NY2d 9).

The defendant's claim of ineffective assistance of counsel is based upon facts dehors the record and thus cannot be reviewed by this court. Mangano, J. P., Brown, Weinstein, Lawrence and Kunzeman, JJ., concur.