■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MEEKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 7, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Initially, the defendant contends that the trial court erred in allowing complainant Miguel Rivera to testify that he and his brother, David, were Jehovah's Witnesses and were opposed to violence and the use of drugs. The court ruled that the People could elicit such facts for the sole purpose of explaining conversations between the complainants and the defendants, immediately before the robbery, which would otherwise have appeared to be incredible.

The record reveals that David and Miguel Rivera were stopped on the street by the defendant and three other individuals. One of the codefendants, Romaine La Fond, accused Miguel of assaulting his cousin and the defendant asked Miguel for money to buy drugs. On direct examination, Miguel testified that he and his brother told the defendant and codefendants that they did not believe in violence and, therefore, could not have assaulted Romaine La Fond's cousin. Miguel also told the defendant that he could not give him money for drugs because he did not want to contribute to the defendant's bad habits. During cross-examination, the defendant attempted to cast doubt on the credibility of the complainants by making it appear that their comments to the defendant and the codefendants were incredible. The court, therefore, allowed Miguel to testify that he and his brother were Jehovah's Witnesses and were morally opposed to violence and the use of drugs.

We find that the testimony was properly admitted in order to explain "an ambiguous but material fact in the case" *(People v Green,* 35 NY2d 437, 441; *People v Le Grand,* 76 AD2d 706, 710). The behavior of the complainants, if not explained, would appear bizarre and might have left the jury wandering "helpless, as in a maze, were the decisive occurrences not placed in some broader, expository context" *(People v Green, supra,* at 441-442; *see, People v Le Grand, supra).* This was not a situation where the religious beliefs of a witness were being used to bolster or impeach his credibility *(see, People v Wood,* 66 NY2d 374; *People v Thomas,* 91 AD2d 857). Indeed, prior to this testimony, the court conducted voir dire of the jury to determine if any members were Jehovah's Witnesses or they had any bias towards this religious group. Further, in its charge the court warned the jury not to use the complainants' religious affiliation in judging their credibility *(see, People v Stanard,* 32 NY2d 143; *cf., People v Tucker,* 102 AD2d 535).

We find, however, that it was error for the prosecution to elicit from the father of the codefendant Romaine La Fond that he had told his son to keep away from the defendant in order to stay out of trouble. Such testimony placed in question the character of the defendant although he never introduced this issue *(see, People v Zackowitz,* 254 NY 192). However, considering the prompt and extensive curative instructions which the court gave and the overwhelming evidence of the defendant's guilt, the error was harmless *(see, People v Cruz,* 47 NY2d 838).

The defendant's final contention is that the showup conducted by the police approximately 40 minutes after the robbery occurred was unduly suggestive. The defendant was apprehended by the police very shortly after the robbery as a result of the exact description of his clothing which the complainants gave to the police. The defendant's argument that it was unduly suggestive to allow the complainants to identify him while he was still attired in those clothes is without merit. This court has previously held showups to be proper even where the defendant was made to wear clothing he had worn during the commission of the crime *(see, People v Dennis,* 125 AD2d 325, *lv denied* 70 NY2d 645; *People v Mayers,* 100 AD2d 558). In any case, the hearing court properly found that the complainants had an independent basis for their in-court identifications of the defendant *(see, People v Dennis, supra).* Niehoff, J. P., Weinstein, Kunzeman and Spatt, JJ., concur.