■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARTHUR JOHNSON, Respondent.—Appeal by the People from an order of the County Court, Rockland County (Meehan, J.), dated March 26, 1986, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress a weapon from evidence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK C. JOHNSON, Appellant.—Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Winick, J.), rendered January 30, 1984, convicting him of robbery in the second degree under indictment No. 55292/82, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered January 31, 1984, under S.C.I. 58301/83, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant and an accomplice assaulted and robbed the complainant in a men's room of the A & S Department Store in Hempstead. As the perpetrators left the men's room, closely followed by the complainant, they were observed by another shopper who assisted the complainant and telephoned the security office with a description of the suspects. Security officers, alerted to the robbery and given a description of the suspects, observed the defendant and his accomplice leaving the store and followed them to a minimart a short distance from the store. The police subsequently arrived at the mini-

mart and detained the defendant and his accomplice until the complainant could be brought to the premises. The complainant arrived shortly thereafter and immediately identified the defendant and his accomplice as the men who had robbed him. The time which elapsed from the commission of the robbery until the identification was less than half an hour.

The defendant claims that the showup was unduly suggestive because he and his accomplice were the only people at the minimart wearing the distinctive clothing which the complainant alleged was worn by the men who robbed him. The showup, which occurred shortly after the incident and close to the location of the crime, was an appropriate measure to secure a prompt and reliable identification *(see, People v Dennis,* 125 AD2d 325, *lv denied* 70 NY2d 645; *People v Mayers,* 100 AD2d 558). The fact that the defendant may have been wearing the same or similar clothing as that worn by one of the robbers does not render the showup unduly suggestive *(see, People v Meeks,* 134 AD2d 290; *People v Dennis, supra).*

The defendant also sought suppression of an in-court identification by the person who observed the perpetrators fleeing from the men's room and telephoned this description to security personnel. He claims that the identification was tainted by the witness's observation of him, from a distance of 20 to 30 feet, sitting handcuffed in a police car, after he had been arrested. Since this observation was purely the result of happenstance and not the result of a procedure initiated by the police, there was no reason to suppress this identification *(see, People v Motel,* 121 AD2d 404, *lv denied* 68 NY2d 759; *People v James,* 111 AD2d 254, *affd* 67 NY2d 662).

The court's *Sandoval* ruling, which would have allowed the prosecutor to ask the defendant if he had previously been convicted of any crimes without going into the underlying facts, was not an abuse of discretion *(see, People v Hardney,* 118 AD2d 728, *lv denied* 67 NY2d 1053). There is no merit to the defendant's claim that this ruling effectively prevented him from testifying in his own behalf. The prior convictions were highly relevant on the issue of credibility and the court's ruling assured that the jury would only use the information as a gauge of the defendant's credibility and not as evidence of his propensity to commit the crime with which he was charged *(see, People v Resnick,* 133 AD2d 237, *lv denied* 70 NY2d 877).

There is nothing in the record to support the defendant's

contention that the testimony of the People's witnesses improperly bolstered the identification of the defendant by the complainant (see, People v Trowbridge, 305 NY 471; People v Lopez, 123 AD2d 399, affd 69 NY2d 975). The witnesses in question only testified to observations they themselves made and none of them was allowed to testify that the complainant had previously identified the defendant (see, People v Trowbridge, supra; People v Lopez, supra).

The defendant's final claim is that it was error for the court to impose consecutive sentences. However, since the sentences were imposed for two separate crimes, the trial court did not act improperly in imposing consecutive sentences (see, People v Conethan, 120 AD2d 604, lv denied 68 NY2d 756). Furthermore, when the defendant pleaded guilty to the crime of attempted possession of a weapon in the third degree, the court advised him that any sentence imposed would run consecutively to the sentence on the robbery conviction. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.