■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD MCALLISTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered July 11, 1986, convicting him of murder in the second degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought to suppress certain statements the defendant made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's mere allegation that his arrest was not based on probable cause was insufficient to challenge the reliability of the information transmitted to the arresting officer *(see, People v Lypka,* 36 NY2d 210; *People v Muriell,* 128 AD2d 554, *lv denied* 70 NY2d 652; *People v Ward,* 95 AD2d 233).* As a result of the defendant's failure to offer any challenge to the reliability of the transmitted information, the People were not required to produce the "sending" officer at the suppression hearing. Moreover, any challenge to the People's failure to do so has not been preserved for review *(see, People v Ward, supra).* We find the information furnished constituted probable cause and that the receiving officer's actions were cloaked with a presumption that they were based upon such probable cause *(see, People v Lypka, supra).*

Following his arrest on a public street, the defendant was provided with *Miranda* warnings before being questioned by the police. The record supports the County Court's determination that the defendant voluntarily spoke to the officers after knowingly and intelligently waiving his constitutional rights *(People v Williams,* 62 NY2d 285).

We find the arguments raised in the defendant's supplemental *pro se* brief to be without merit. By pleading guilty, the defendant waived the right to challenge the sufficiency of the evidence presented to the Grand Jury (CPL 210.30 [6]; *People v Dunbar,* 53 NY2d 868; *People v Thomas,* 53 NY2d 338; *People v Gagliano,* 133 AD2d 704, *lv denied* 70 NY2d 931). The defendant has further failed to preserve a challenge to the factual sufficiency of his plea allocution since he neither

moved to withdraw the plea under CPL 220.60 (3) nor moved to vacate the judgment of conviction pursuant to CPL 440.10 *(People v Lopez,* 71 NY2d 662; *see also, People v Claudio,* 64 NY2d 858; *People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997). "The failure to make the appropriate motion denie[d] the trial court the opportunity to address the perceived error and to take corrective measures, if needed" *(People v Lopez, supra,* at 665-666).

Finally, we find that the defendant's sentence was not excessive. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.