■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GULED MOHAMED, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered January 7, 1987, convicting him of rape in the first degree, unlawful imprisonment in the first degree, burglary in the second degree and harassment, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the victim's in-court identification of the defendant.

Ordered that the judgment is modified, on the law, by reversing the conviction of unlawful imprisonment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it

was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Nevertheless, the defendant's conviction of unlawful imprisonment in the first degree merged with his rape conviction under the doctrine enunciated in People v Geaslen (54 NY2d 510, 516-517). The proof in this case revealed that the unlawful imprisonment was incident to the commission of the sex crime; accordingly, the conviction of unlawful imprisonment in the first degree must be reversed (see, People v Russell, 127 AD2d 805).

The hearing court's determination that the victim had an independent basis to make an in-court identification of the defendant is entitled to great weight on appeal and should be affirmed as it is supported by the record (see, People v Adams, 53 NY2d 241; People v Ballot, 20 NY2d 600; People v Pompey, 146 AD2d 815; People v Anderson, 107 AD2d 751; People v Mayers, 100 AD2d 558; see also, Neil v Biggers, 409 US 188). The evidence adduced at the Wade hearing indicates that the victim had an extensive opportunity to view the defendant's unobstructed face during the entire incident, which lasted approximately one hour. For at least a portion of that time, the lighting conditions were very good. The victim also conversed with the defendant during the incident and they were in close proximity for the entire time. In addition, the victim's description of her assailant, although not entirely accurate, was very good.

We have considered the defendant's remaining contentions and find them to be without merit. Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.