■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN TARRAT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered November 4, 1983, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly determined that the defendant's arrest was based upon probable cause and that, accordingly, the branch of his motion which sought to suppress physical evidence was properly denied. Within 10 minutes of the

burglary at issue the arresting officer spotted the defendant and another individual, who matched the general physical description of the perpetrators reported over the police radio, carrying a television set along an otherwise deserted street. The arresting officer's observations were made within six blocks of the scene of the crime. Moreover, the police radio broadcast had reported that a television set had been taken in the burglary. The information relied upon by the arresting officer together with the closeness in time and proximity to the crime that his observations were made demonstrates that the arresting officer had probable cause to believe that the defendant had committed the reported burglary (CPL 140.10 [1] [b]; *People v Brnja,* 50 NY2d 366; *People v Dennis,* 125 AD2d 325; *People v Fontaine,* 122 AD2d 71). Therefore, suppression of the evidence seized incident to the defendant's arrest was properly denied.

We also reject the defendant's contention that the showup identification should have been suppressed as impermissibly suggestive. The testimony adduced at the suppression hearing revealed that the complainant viewed the defendant at the site and time of his apprehension by the police, i.e., within 10 minutes of the burglary and six blocks from the scene of the crime. The showup was, therefore, permissible as having been conducted in close spatial and temporal proximity to the event, while the complainant's memory was still fresh, and served to further the interest of obtaining a prompt and reliable identification *(see, People v Brnja, supra; People v Williams,* 150 AD2d 821). Neither the police advisement to the complainant prior to the identification procedure that he was to view a suspect nor the fact that the defendant may have been handcuffed during the showup renders the showup identification constitutionally infirm under the circumstances of this case *(see, e.g., People v Dennis, supra; People v Thomas,* 105 AD2d 1098).

In light of the propriety of the suppression rulings, we find that the defendant's plea of guilty was made knowingly, voluntarily and intelligently after a full and complete allocution *(see, People v Harris,* 61 NY2d 9).

Lastly, we find no abuse of discretion with respect to the sentence imposed or any basis in the record to warrant a substitution of this court's discretion for that of the sentencing court *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.