■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SURESH RAMSINGH, Appellant.—Appeal by the defendant from

a judgment of the County Court, Nassau County (Thorp, J.), rendered February 25, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The defendant also purportedly appeals from an order of the same court entered June 5, 1986, which denied his postconviction motion pursuant to CPL article 440 to vacate the judgment.

Ordered that the purported appeal from the order entered June 5, 1986, is dismissed, as the defendant did not move for a certificate granting leave to appeal to this court from that order (see, CPL 450.15, 460.15); and it is further,

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The issue of the reliability of the information transmitted to the arresting officer has not been preserved for appellate review. At no point was this issue raised at the suppression hearing in such a manner and at such a time as to fairly apprise the court and the prosecutor of the nature and scope of the matter contested, and to allow the necessary evidentiary treatment and advocacy to be pursued (see, People v Thompson, 124 AD2d 687, 688). Indeed, as a result of the defendant's failure to offer a proper challenge to the reliability of the transmitted information, the People were not required to produce the officer who transmitted the information at the suppression hearing and any challenge to the People's failure to do so is unpreserved for appellate review (see, People v McAllister, 143 AD2d 687). In any event, we find that the transmitted information constituted probable cause and that the actions of the officer who received the information were cloaked with a presumption that they were based upon such probable cause (see, People v Lypka, 36 NY2d 210; People v Muriell, 128 AD2d 554).

The defendant's remaining contentions are unpreserved for appellate review or without merit (see, CPL 470.05 [2]; People v Dennis, 125 AD2d 325; People v Suitte, 90 AD2d 80). Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.