■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SURESH RAMSINGH, Appellant.—Motion by the defendant for reargument of an appeal from (1) a judgment of the County Court, Nassau County (Thorp, J.), rendered February 25, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court entered June 5, 1986, which denied his postconviction motion pursuant to CPL article 440 to vacate the judgment, which was determined by decision and order of this court dated June 11, 1990. [162 AD2d 556.]

Ordered that the motion is granted, and, upon reargument, the decision and order of this court dated June 11, 1990, is recalled and vacated and the following decision and order is substituted therefor:

"Appeal by the defendant from (1) a judgment of the County Court, Nassau County (Thorp, J.), rendered February 25, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court entered June 5, 1986, which denied his postconviction motion pursuant to CPL article 440 to vacate the judgment.

"Ordered that the judgment and the order are affirmed.

"Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

"The issue of the reliability of the information transmitted to the arresting officer has not been preserved for appellate review as a matter of law. At no point was this issue interjected at the fact-finding level in such a manner and at such a time as to fairly apprise the court and the prosecutor of the nature and scope of the matter contested, and to allow the necessary evidentiary treatment and trial-level advocacy to be pursued *(see, People v Thompson,* 124 AD2d 687, 688). Indeed, as a result of the defendant's failure to offer a proper challenge to the reliability of the transmitted information, the People were not required to produce the 'sending' officer at the suppression hearing and any challenge to the People's failure to do so is unpreserved for appellate review *(see, People v McAllister,* 143 AD2d 687). We find that the transmitted information constituted probable cause and that the receiving officer's actions were cloaked with a presumption that they were based upon such probable cause *(see, People v Lypka,* 36 NY2d 210; *People v Muriell,* 128 AD2d 554).

"We have reviewed the defendant's remaining contentions, including those contained in his motion pursuant to CPL article 440 to vacate the judgment and reasserted upon appeal, and find them to be unpreserved for appellate review or without merit *(see,* CPL 470.05 [2]; *People v Dennis,* 125 AD2d 325; *People v Suitte,* 90 AD2d 80)." Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.