■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE SANDERS, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J., at suppression hearing; Bernard Jackson, J., at jury trial and sentence), rendered July 25, 1990, convicting defendant after a jury trial of robbery in the second degree, and sentencing him to a prison term of from 6 to 12 years, unanimously affirmed.

The testimony at the Wade hearing, at which the complainant was not a witness, established that while complainant was providing information to officers in a police detention room in a subway station, the defendant, on his own volition, entered the room and was immediately identified by the complainant as one of the perpetrators of a robbery. The court, finding no evidence that any police-arranged confrontation had taken place, denied the motion to suppress. At trial, defendant moved unsuccessfully to reopen the Wade hearing based on the grand jury testimony that the police had asked the complainant whether defendant was the assailant.

The encounter between defendant and complainant was a chance happening, unoccasioned by the police, and was not suggestive. *(People v Boyd,* 161 AD2d 719, *lv denied* 76 NY2d 853.)* The supposedly "newly discovered" evidence did not alter the fact that the identification was not pre-arranged. In any event, this was permissible identification evidence because it was conducted in close spatial and temporal proximity to the robbery *(People v Tarrat,* 161 AD2d 613, 614). The defendant consented to the court's submission of a verdict sheet to the jury, and error, if any, was waived, and we decline therefore to reach it. Concur—Milonas, J. P., Ellerin, Asch and Kassal, JJ.