■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PULASKI, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered October 30, 1989, convicting him of attempted grand larceny in the third degree, possession of burglar's tools in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The hearing court properly concluded that the showup identification procedure used in this case was not unduly suggestive. Although showup procedures are generally regarded as less than ideal *(see, People v Riley,* 70 NY2d 523, 529), "[i]t is well settled that a showup is permissible in the interest of prompt identification particularly when it occurs in close spatial and temporal proximity to the offense and the subsequent apprehension of the defendant" *(People v Carbonaro,* 162 AD2d 459; *see also, People v Love,* 57 NY2d 1023; *People v Tarrat,* 161 AD2d 613). Further, that the defendant was identified while in the custody of a police officer does not render the showup overly suggestive *(cf., People v Carbonaro, supra; People v Tarrat, supra).* Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.