■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MORALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered June 18, 1985, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to be established.

The defendant was charged with, and now stands convicted of, criminal possession of a controlled substance in the second

degree. At the trial, over the objection of defense counsel *(cf., People v Ramirez,* 125 AD2d 343, *lv denied* 69 NY2d 885), the People were permitted to elicit of a police officer that the defendant, when questioned by the officer, had in his possession, a "wad of money of five, tens and twenty dollar bills". The officer further testified that as soon as he observed the wad of bills, he returned to the station wagon from which the defendant had emerged earlier and found a black bag containing envelopes of cocaine.

We conclude that the court erred in admitting the officer's testimony in respect to the wad of cash possessed by the defendant. The police testimony concerning the defendant's possession of a "wad of money"—of no relevance to the defendant's alleged possession of the cocaine—was highly prejudicial, since it suggested that the defendant was involved in the sale of illicit drugs as a business and was likely to have possessed the cocaine recovered *(People v Brown,* 71 AD2d 918, 920; *see, People v Jones,* 62 AD2d 356). Moreover, at bar, where the charge was drug possession and not drug sale, the error was particularly prejudicial *(see, People v Brown, supra,* at 920). While there was sufficient evidence adduced to establish the defendant's guilt beyond a reasonable doubt, the case, nevertheless, was a close one in which the proof was circumstantial. We cannot, therefore, conclude that the admission of the foregoing police testimony was harmless error *(cf., People v Bolling,* 120 AD2d 601, 602, *lv denied* 68 NY2d 665). Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.