■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CALADA, Also Known as GEORGE COLLADO, Appellant. —Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Rotker, J.), rendered June 9, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of having sold two glassine envelopes of heroin to an undercover officer during a so-called "buy and bust" operation in Corona, Queens. He was arrested immediately after the sale. A search of his person produced a glassine envelope containing heroin, a beeper and $281 cash, $20 of which was prerecorded money used by the undercover officer in effectuating the purchase.

The defendant contends on this appeal that the introduction into evidence of the beeper and the money (other than the prerecorded money) in his possession constitutes reversible error. We do not agree. The crime charged herein of possession of a controlled substance in the third degree requires that the People prove beyond a reasonable doubt that the defendant possessed the heroin with the specific intent to sell it (see, Penal Law § 220.16 [1]). Evidence of currency found on the defendant's person at the time of his arrest is probative of this "intent to sell" and therefore this evidence was properly admitted (see, People v Jones, 138 AD2d 405; People v Wheeler, 140 AD2d 731; People v Milom, 75 AD2d 68; cf., People v Lizzarra, 70 AD2d 572). Similarly, the admission into evidence of the beeper was proper, since the jury could properly infer that it was used by the defendant in the business of drug dealing to keep in touch with his customers and suppliers (see, People v Ortiz, 152 AD2d 755). Hence, the evidence that the defendant possessed a beeper was probative of his intent to sell narcotics.

The defendant's further contention that the court erred in allowing him to be cross-examined by the prosecutor in such a fashion as to force him to characterize the prosecution witness as a liar by asking him whether a police witness had made up his testimony, while of some merit (see, People v Mariable, 58 AD2d 877; People v Perez, 69 AD2d 891; People v Santiago, 78 AD2d 666), is, nevertheless, harmless in view of the overwhelming evidence of guilt presented in this case (see, People v Crimmins, 36 NY2d 230). Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.