THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE THOMPSON, Appellant.—

We conclude that reversal of the defendant's judgment of conviction is necessary for the reasons stated in People v Rayford (158 AD2d 482 [decided herewith]).

Additionally, in view of our determination that the showup identification of the defendant and the codefendant Rayford conducted at the scene of the crime was unduly suggestive and, thus, subject to suppression, we need not address the defendant's claim that the hearing court improperly limited his cross-examination of the arresting officer regarding that showup procedure.

For purposes of the retrial, we take this opportunity to note

our agreement with the defendant's contention that the trial court improperly precluded his counsel from commenting during his summation that the eyewitnesses' identification of the defendant was the result of improper police procedures and that the defendant's trial testimony contradicted his postarrest statement to police. These comments were clearly within the realm of permissible summation and were relevant to the defendant's contention that the eyewitnesses' identification testimony was incredible, and that the postarrest statement made by him to the police was coerced. Although the trial court's rulings do not constitute reversible error, they should be avoided upon retrial.

We reject the defendant's argument that he was entitled to a missing evidence charge with respect to a surveillance film which was made at the scene of the crime. The requested charge was not mandated in this case inasmuch as there was no evidence to establish that the film was ever in the People's possession or control (see, People v Gonzalez, 68 NY2d 424). Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.