570 So.2d 1388 (1990)
Bernard JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1809.
District Court of Appeal of Florida, First District.
December 17, 1990.
Clyde M. Collins, Jr., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals his conviction for possession of cocaine, raising several errors. *1389 We find that the trial court reversibly erred in admitting into evidence cash seized from appellant when he was arrested. This cash was not admissible as collateral crime evidence, and was not relevant to the crime charged; further, its admission into evidence invited the jury to speculate that appellant was engaged in other criminal conduct for which he was not being tried.
Acting pursuant to a tip on the drug hot-line, police went to a neighborhood pool hall called A.J.'s Place. When they entered the pool hall, the police smelled marijuana and noticed there was a large dice game in progress. According to one officer, appellant was standing by the pool table picking up money and putting it in his pocket. The officer testified that he asked appellant who was the manager of A.J.'s, and appellant responded that he was. The officer then placed appellant under arrest for keeping a disorderly house and searched him incident to that arrest. During this search, the officer found a relatively large amount of money, approximately $1500.00, in appellant's right front pocket, and a small bag with a rock of cocaine in the bottom of appellant's right front pocket. The money was not all folded together. There was one large amount, and also what was described as a bunch of different little folds of money.
Appellant was charged with (1) inmate of a disorderly house, gambling, contrary to a Jacksonville municipal code; (2) gambling; and (3) possession of cocaine. Before jury voir dire, the state nolle prossed the gambling count and the count charging inmate of a disorderly house.
During the trial, the state sought to introduce the cash seized from appellant. Appellant objected on the grounds of relevancy, commenting that the cash was not evidence of a crime. The court overruled the objection.
On appeal, the state argues that the cash was admissible evidence of an inseparable crime, citing Tumulty v. State, 489 So.2d 150, 153 (Fla. 4th DCA 1986). Significantly, the state fails to identify the crime. The gambling charges against appellant were dropped, presumably because of lack of evidence, and there was no suggestion that appellant was engaged in the sale or purchase of cocaine. The amount of cash in appellant's pocket was not relevant to prove any element of possession of cocaine. The erroneous admission of the cash was not harmless because defendant denied possession of the cocaine, claiming that it was planted on him by the police and thus his credibility was in issue; and the inescapable result of the improper admission of the cash into evidence was to invite conjecture on the part of the jury that appellant was engaged in other unproven criminal conduct, hence it was all the more likely that he could be guilty of the crime charged.
Because of our reversal on this point, we do not reach the other points raised by appellant, except to comment on appellant's contention that the prosecutor engaged in improper impeachment under section 90.610, Florida Statutes.[1]
On cross-examination, the prosecutor asked appellant if he had ever been convicted of a crime involving falsehood or misstatement. Appellant objected, arguing that this was not the correct question. After a side bar conference, the prosecutor asked the question again and appellant responded that he had been convicted, one time. Then the prosecutor asked appellant if he had ever been convicted of a felony, a crime punishable by more than one year in the state prison, and appellant responded, "No." Defense counsel objected and asked the judge to excuse the jury. Counsel advised the court that appellant had never *1390 been convicted of a crime involving misstatements and argued that the prosecutor was attempting to trick appellant by asking the question wrong. The court advised defense counsel that he could straighten the problem out on redirect. When the jury returned, the prosecutor asked appellant if he recognized "this conviction for possession of cocaine in Duval County in 1988, May 16th, 1988?" Appellant responded: "Yes." The prosecutor asked: "So, you have been convicted and that's a felony?" Appellant responded: "yes." Later, defense counsel renewed his objection and moved for a mistrial contending that the prosecutor had asked the questions in a "tricky" manner, that appellant had gotten confused, and that therefore the state was able to get before the jury the fact that appellant had a prior possession conviction. The motion for mistrial was denied.
On appeal, the state concedes that appellant was confused by the sequence of the questions, but contends there is no support for appellant's contention that the prosecutor intentionally switched the questions in order to confuse appellant.
As a predicate to impeachment under section 90.610(1), Florida Statutes, two questions may be asked: "Have you ever been convicted of a felony?" and "Have you ever been convicted of a crime involving dishonesty or false statement?". Cummings v. State, 412 So.2d 436, 439 (Fla. 4th DCA 1982). While appellant has cited no law requiring that the questions be asked in this order, we would suggest that in the future, the questions be asked in the above-mentioned sequence in order to avoid problems such as that which occurred in this case. Further, if the defendant is confused about which crimes involved dishonesty or false statements, he may request an instruction from the trial court. Cummings, 412 So.2d at 439. In this case, defense counsel did not ask that the witness be instructed on what is meant by "crime involving dishonesty or false statement." Had he done so, the complained-of confusion could have been avoided.[2]
REVERSED and REMANDED for new trial.
ZEHMER, J., concurs.
BOOTH, J., dissents.
NOTES
[1] Section 90.610(1) provides in pertinent part:

(1) A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or false statement regardless of the punishment... .
[2] It is settled that when a witness denies a conviction, the prosecution can impeach the witness by introducing a certified record of that conviction but cannot ask specific questions about the nature of the convictions. Williams v. State, 511 So.2d 1017 (Fla. 2nd DCA 1987). Appellant did not raise this as an issue in his brief.