578 So.2d 398 (1991)
Alfred Leroy CARR, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1781.
District Court of Appeal of Florida, First District.
April 16, 1991.
James C. Banks, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Alfred Leroy Carr appeals his conviction for possession of cocaine. Carr contends the trial court erred in admitting similar fact evidence for the sole purpose of showing that he had a propensity to possess cocaine. We reverse.
The evidence at trial revealed that while on patrol, a Columbia County deputy sheriff observed appellant talking with other persons in front of a Lake City home. The deputy sheriff called Carr over to the patrol car and asked permission to search Carr's person. After obtaining Carr's consent and conducting the search, the deputy ran a computer check which revealed an outstanding warrant for Carr's arrest for violation of probation. Carr was then handcuffed and transported to the Columbia County Detention Center. At the detention center, a second search of Carr yielded two plastic baggies of cocaine, allegedly discovered in Carr's left shirt pocket.
At trial, defense witnesses testified that the street search of Carr was thorough, and that it exceeded the bounds of a pat-down. *399 No contraband was discovered during this initial search. During the testimony of one defense witness, the jury and the defense witness were excused from the courtroom. Outside the presence of the jury and the witness, the assistant state attorney advised the trial court that he intended to elicit testimony from defense witnesses that Carr is a cocaine user, and that he had been convicted of cocaine possession in the past. The assistant state attorney argued that Carr's prior conviction and cocaine use were admissible to prove knowledge of the presence of the drug on his person, in that it was more likely that a person who had possessed cocaine in the past would possess cocaine on the occasion at issue.
Defense counsel objected to admission of the proposed testimony, arguing that the state had failed to provide the ten-day notice required under the Williams rule, and that the prejudicial effect of the evidence outweighed its probative value. The state responded that since the evidence was offered as impeachment and rebuttal to Carr's defense that the cocaine was planted on him, the ten-day notice was not required. The trial court ruled that the testimony would be admitted as relevant to the issue of knowledge, and that the probative value of the evidence outweighed any prejudice. We disagree.
The statute applicable, section 90.404(2), Florida Statutes (1989), provides in part:
(2) OTHER CRIMES, WRONGS, OR ACTS. 
(a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
(b) 1. When the state in a criminal action intends to offer evidence of other criminal offenses under paragraph (a), no fewer than 10 days before trial, the state shall furnish to the accused a written statement of the acts or offenses it intends to offer, describing them with the particularity required of an indictment or information. No notice is required for evidence of offenses used for impeachment or on rebuttal.
Relevant evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. § 90.403, Fla. Stat. (1989); Bryan v. State, 533 So.2d 744, 747 (Fla. 1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989); State v. Wright, 473 So.2d 268, 269 (Fla. 1st DCA 1985), review denied, 484 So.2d 10 (Fla. 1986).
Admission of irrelevant similar fact evidence is "presumed harmful error because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged." Keen v. State, 504 So.2d 396, 401 (Fla. 1987), quoting Straight v. State, 397 So.2d 903, 908 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). Such error is not harmful, i.e., reversible, where the proof of guilt is clear and convincing, without consideration of the collateral evidence introduced in violation of the Williams rule. McKinney v. State, 462 So.2d 46, 47 (Fla. 1st DCA 1984). However, the sufficiency of properly admitted evidence to support guilt is not determinative of harmless error in the similar fact evidence context. In Keen, the court recognized that the properly admitted evidence was sufficient to support a jury verdict of guilt, but declined to find harmless error. The court observed that the evidence of Keen's guilt was not overwhelming, and the real jury issue centered on the respective credibility of the defendant Keen and the state witness who testified against him. 504 So.2d at 401.
In a similar vein, in Jackson v. State, 570 So.2d 1388 (Fla. 1st DCA 1990), this court reversed a conviction for possession of cocaine, because cash seized from Jackson at the time of his arrest was admitted into evidence. There was no suggestion that Jackson was engaged in the sale or purchase of cocaine, and the amount of cash seized was not relevant to prove any element of possession of cocaine. Because *400 Jackson denied possession of cocaine, claiming it had been planted on him by the police, his credibility was in issue. Therefore, improper admission of the cash invited conjecture on the part of the jury that Jackson was involved in other unproven criminal conduct, making it more likely that he could be guilty of the charged offense. 570 So.2d at 1389. See also Richardson v. State, 528 So.2d 981 (Fla. 1st DCA 1988).
In the instant case, the trial court admitted evidence of appellant's prior conviction for possession of cocaine for the purpose of showing knowledge of cocaine. Here, as in Keen and Jackson, the real jury issue was appellant's credibility as opposed to that of the credibility of the state witness who testified against him. Evidence of appellant's prior conviction for possession of cocaine was not related to the charge being tried, and permitted the jury to infer guilt of the present charge on the basis of evidence which suggested appellant has a propensity to commit this kind of crime. This, together with an absence of overwhelming evidence of guilt, indicates the evidence should have been excluded, because its probative value was outweighed by the danger of unfair prejudice.
Accordingly, we reverse Carr's conviction for possession of cocaine, and remand with directions to grant a new trial.
ERVIN and MINER, JJ., concur.