605 So.2d 560 (1992)
Lloyd A. BARRETT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1676.
District Court of Appeal of Florida, Fourth District.
September 23, 1992.
Richard L. Jorandby, Public Defender, and Barbara J. Wolfe, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant raises seven issues, six of which are directed to his conviction of sale of cocaine within one thousand feet of a school. The seventh addresses the sentence, and the state concedes error as to that issue.
Of the six issues relating to the conviction, we find only one merits discussion and we reverse and remand for new trial based on the error which the issue exposes.
Appellant contends, and we agree, that the trial court erroneously admitted testimony and evidence applicable to the cash seized from appellant's person on the day of the arrest. Appellant was arrested on December 11, 1990, two days following the drug transaction. Appellant asserts that the $251.50 seized on the day of the arrest is irrelevant to proving appellant sold cocaine to Officer Brent two days earlier on December 9, 1990.
Relying on Williams v. State, 538 So.2d 73 (Fla. 4th DCA 1989), the state contends that the trial court did not err in admitting the cash seized in the arrest as it is relevant evidence. In Williams, this court held that it was proper for an officer to express his opinion on the nexus between the possession of large sums of cash and a drug transaction. However, in Lowder v. State, 589 So.2d 933, 935-36 (Fla. 3d DCA 1991), the Third District held that it was error to allow a police officer to testify as an expert regarding the relationship between the cash seized during the arrest and the narcotics transaction. Although the result we reach here is contrary to the result in Williams, the two cases are factually *561 distinguishable. We are aware that the opinion in Lowder reflects a lack of testimony in the record regarding the time lapse between the transaction and the arrest; however, the facts contained in the opinion differ from those addressed by this court in Williams. The briefs which are part of this court's records reflect that the officer observed the defendant drop a "baggie" and enter a convenience store, at which time he was stopped, arrested and searched.
"Relevant evidence is evidence tending to prove or disprove a material fact." Section 90.401, Fla. Stat. (1991); see Zabner v. Howard Johnson's Inc., 227 So.2d 543, 545 (Fla. 4th DCA 1969) ("tendency to establish a fact in controversy or to render a proposition ... more or less probable"). Thus, relevancy is founded on materiality, the nexus between a fact being proved and a disputed issue, and probativeness, the effect this evidence would have on the existence of that fact. The relevancy of cash seized from a defendant's person at the time of an arrest decreases as time increases. The further in time the arrest is from the drug transaction, the lower the evidence's probative value is to proving the existence of the drug transaction.
In the instant case, evidence of the cash seized at the time of the arrest, which occurred two days after the drug transaction, was irrelevant and admitted erroneously. Moreover, had we found this evidence to be relevant, this testimony would still be inadmissible based on section 90.403, Florida Statutes (1991): "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, [and] misleading the jury... ."
In Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987), this court found that there was nothing unlawful about Huhn owning a gun, and no nexus between that gun and the crime charged. Id. at 588. Similar to Huhn, in the instant case there is nothing unlawful about having cash in one's pocket, and there is no direct connection between the specific cash seized and the crime to which appellant is charged. Therefore, the evidence and testimony objected to only supports an inference that because appellant testified that he did not have a job, the cash seized in the arrest was acquired from the sale of cocaine. In the instant case, the admission of this testimony did not assist the jury in determining a material fact at issue and may have misled the jury to infer that appellant sold cocaine. Furthermore, the prosecutor emphasized the cash seized from appellant in closing argument.
We reverse because a reasonable possibility exists that the subject error contributed to the verdict. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986).
GLICKSTEIN, C.J., and HERSEY, J., concur.
DELL, J., concurs in result only.