■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE E. CARPENTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered March 29, 1989, convicting him of criminal possession of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly admitted into evidence testimony that he wore a beeper, since he was only charged with the simple possession of narcotics. We find that, under the circumstances of this case, the evidence was admissible. At the defendant's trial, the arresting officer testified that he was patrolling in a marked car at about 2:45 one morning when he observed a car parked with its engine running. He stopped the patrol car next to the parked car and saw the defendant in the driver's seat and an unidentified man in the passenger seat. While seated in the patrol car, the officer asked the men what they were doing, and the defendant replied that they were just drinking beer. The officer then observed that the inspection sticker on the windshield had expired and asked the defendant for his license and registration. The officer backed up the patrol car and parked it behind the defendant's car. As he did so, the officer observed the defendant get out of the driver's side door and walk around the front of the car to the passenger side. The defendant was carrying a small brown paper bag. The passenger door opened but the passenger remained seated, and the defendant stood behind the opened door. The officer, who was still seated in the patrol car, saw the paper bag drop to the ground behind the open passenger door and saw the defendant nudge it underneath the car with his foot. The passenger then got out of the car and started to walk away while the defendant approached the patrol car. The passenger ignored the officer's order to stop.

The officer did not pursue the passenger. He stayed behind, to issue the defendant a summons. The defendant then walked towards a nearby house, and the officer, after seeing that the defendant did not attempt to retrieve the brown bag, picked it up from underneath the car. The bag held three plastic bags

containing a white rock-like substance and numerous empty brown paper bags. The officer then called the defendant back over to him and informed him that he was under arrest because of the contents of the bag. The defendant denied knowledge of the contents. After the defendant was arrested, the officer shined a flashlight into the interior of the car and noticed a brown paper bag on the front seat. In addition, he saw a number of pieces of white rock-like substance on the front seat and a rolled marihuana cigarette on the dashboard. When the defendant was told that he was under arrest because of these items, he said that only the marihuana was his. The officer testified, over the defense counsel's objection, that the defendant was wearing a beeper on his waistband at the time of his arrest.

The People offered evidence that the aggregate weight of the rock-like substance recovered from under and inside the defendant's car was .861 of an ounce, and that it tested positive for cocaine. In addition, the People offered the testimony of a detective that "[b]eepers are used often by people involved with crack for different businesses". The court struck "for different businesses" from his testimony. The court promptly instructed the jury that this testimony was admitted for consideration solely on the issue of whether the defendant knowingly possessed cocaine. In addition, during its charge, the court instructed the jury that, although the detective was qualified as an expert to offer his opinion, the jury could reject his opinion and that it was the jury's function to determine the facts.

The defendant contends that evidence that he wore a beeper was inadmissible because it implied that he was engaged in the business of selling drugs, an uncharged crime. He argues that this evidence was irrelevant to the charge of possession of cocaine and, moreover, was highly prejudicial. He further contends that the trial court's error was exacerbated by the admission of the detective's opinion. We disagree.

The admissibility of evidence of prior criminal or immoral conduct is determined by a two-part inquiry: "The first level of this inquiry requires the proponent of the evidence, as a threshold matter, to identify some issue, *other than mere criminal propensity,* to which the evidence is relevant * * * Once such a showing is made, the court must go on to weigh the evidence's *probative worth* against its potential for mischief to determine whether it should ultimately be placed before the fact finder. This weighing process is discretionary, but the threshold problem of identifying a specific issue, other

than propensity, to which the evidence pertains poses a question of law" *(People v Hudy,* 73 NY2d 40, 55).

Applying this test, we conclude that admission of evidence that the defendant wore a beeper and the expert witness's explanation of its significance was permissible. Evidence is relevant if it has any " ' "tendency in reason to prove any material fact" ' " *(People v Lewis,* 69 NY2d 321, 325, quoting Richardson, Evidence § 4, at 2 [Prince 10th ed]). The evidence that the defendant wore a beeper was relevant to disprove the defense proffered in the defendant's opening statement that the passenger who fled the scene was the culprit and that the defendant had no knowledge of the contents of the bag or of the substance found on the front seat of the car. As such, the evidence was not offered merely to show criminal propensity, and the trial court did not improvidently exercise its discretion in determining that the probative value of this testimony outweighed its prejudicial effect.

Our dissenting colleagues rely on cases which have held that evidence that the defendant may be involved in the business of narcotics is irrelevant and prejudicial where the defendant is charged with simple possession of narcotics or a single sale of narcotics *(see, e.g., People v Valderama,* 161 AD2d 820; *People v Morales,* 133 AD2d 90; *People v Jones,* 62 AD2d 356). However, a determination of the relevancy and potential prejudicial effect of such evidence depends upon the facts of each case. In *People v Satiro* (72 NY2d 821), where the defendant was charged with simple possession of narcotics, the Court of Appeals held that evidence that the defendant was involved in the sale of cocaine was not automatically barred under *People v Molineux* (168 NY 264). In *Satiro,* the defendant was charged with criminal possession of a controlled substance in the first degree after cocaine was found during a search of his room in his family's home. His codefendant was found hiding in the room but the defendant was in Aruba at the time of the search. The defendant contended at trial that he did not occupy the room and did not have dominion and control over the contraband. The trial court allowed into evidence a blue book containing a record of cocaine sales which was found in the defendant's room, along with expert testimony identifying the defendant's handwriting and explaining the significance of the entries. The Court of Appeals held that the admission of this testimony was not an abuse of discretion. The case at bar is similar in that the defendant denied dominion and control over the cocaine found under and inside his car and sought to implicate someone else *(see also,*

*People v Harvey,* 156 AD2d 983 [in a case where the defendant was charged with a single sale of narcotics, proof of prior sales was admissible since the defendant was charged as an accomplice and attempted to minimize his involvement in the sale]).

The defendant further contends that the trial court erred in denying his request for a missing evidence charge because the People failed to retain and produce the beeper. Although the request was not made until after the court charged the jury, the timeliness of the request was not raised as an issue in the trial court and therefore will not be addressed on appeal *(cf., People v Bennett,* 175 AD2d 251). We find that the requested charge was properly denied. Pursuant to CPL 240.20 (1) (f), the People have the duty to disclose property "obtained from the defendant," and the failure to preserve such property may warrant the imposition of a sanction *(see, People v Kelly,* 62 NY2d 516). Here the arresting officer testified at the trial that he never seized the beeper from the defendant. Since the beeper was not in fact obtained from the defendant, he was not entitled to a missing evidence charge *(see, People v Thompson,* 158 AD2d 491).

Finally, we note that the court properly charged the jury with respect to the rebuttable presumption created by Penal Law § 220.25, as the record demonstrates a factual basis for this charge *(see,* CPL 300.10; *People v Leyva,* 38 NY2d 160). Thompson, J. P., O'Brien, and Pizzuto, JJ., concur.

Harwood, J., dissents and votes to reverse the judgment and to order a new trial, with the following memorandum, in which Sullivan, J., concurs. Because I conclude that prejudicial evidence which was erroneously received over strenuous objection worked to deprive the defendant of a fair trial, I dissent and vote to reverse the judgment appealed from and to grant the defendant a new trial.

The defendant was charged with simple, albeit knowing, possession of a quantity of cocaine (Penal Law § 220.16 [12]) and a quantity of marihuana (Penal Law § 221.05) which were found in an automobile occupied by the defendant and by a passenger who escaped the scene and was never apprehended. In making their case, the People relied on the presumption of "knowing" possession contained in Penal Law § 220.25 (1). They also relied on testimony, admitted over vigorous objection by the defense counsel, that at the time of his arrest, the defendant was wearing a "beeper". Moreover, the People were permitted, over equally vigorous objection, to call as an "expert" a police officer who testified that, based on his experi-

ence with drug-related arrests, "[b]eepers are used often by people involved with crack for different businesses", testimony that was tailored with reference to the defendant's prior objections so as to avoid mention of such words as "sell" or "sales". And although, when the defense counsel again objected, the court ruled "[a]ll right, strike out for different businesses", the unduly prejudicial impact of this irrelevant evidence remained.

I recognize that where, unlike here, a person is charged with possession with intent to sell *(see,* Penal Law § 220.16 [1]), evidence concerning items found on a defendant's person such as large amounts of cash *(see, People v Jones,* 138 AD2d 405; *People v Milom,* 75 AD2d 68), or, "similarly", a beeper used "in the business of drug dealing to keep in touch with his customers and suppliers" *(People v Calada,* 154 AD2d 700, 701) is probative of a defendant's "intent" to "sell" *(People v Jones, supra; People v Milom, supra; People v Calada, supra).* However, the prejudicial and irrelevant suggestion that a defendant is involved with the sale of illicit drugs as a "business" would not be admissible where that defendant is charged with a "knowing" but single illegal sale of a drug *(see,* Penal Law § 220.39; *see also, People v Valderama,* 161 AD2d 820; *People v Jones,* 62 AD2d 356; *cf., People v Jones, supra).* I am thus at a loss to understand how that evidence is admissible in this simple possession case, notwithstanding the majority's conclusion that the evidence is probative on the issues of "knowledge" *(but see, People v Morales,* 133 AD2d 90; *People v Brown,* 71 AD2d 918) and "dominion and control". Indeed, while a notebook found in a defendant's room and linked by a handwriting expert to the defendant is relevant to establish a connection between that defendant and the room where the notebook and illicit drugs were found *(see, People v Satiro,* 72 NY2d 821), I disagree with the majority's implicit finding that a defendant's possession of a beeper "similarly" establishes a connection between that defendant and drugs found near him.

The only "probative" value of the testimony concerning the beeper recovered from the defendant's person is to suggest that the defendant was engaged in the business of selling drugs *(see, People v Calada, supra),* i.e., that he had committed uncharged crimes and thus had a propensity to commit a simple "knowing" possession. Such evidence long has been held to be legally irrelevant *(see, People v Jones, supra,* 62 AD2d 356; *cf., People v Molineux,* 168 NY 264), and "where the charge [is] drug possession and not drug sale, the error [of admitting the testimony is] particularly prejudicial" *(People v*

*Morales, supra,* at 91). The addition of a veneer of expertise so as to "scientifically" establish a relationship between those who use beepers and those who are "involved" with drugs without establishing any connection whatsoever to the drugs which are the subject of the indictment only compounded this error. In a case which already rests largely on presumed rather than proven facts (*cf.,* Penal Law § 220.25 [1]), I cannot regard these "particularly prejudicial" errors as harmless (*see, e.g., People v Morales, supra*) and thus conclude, without reaching the other issues of error raised by the defendant, that he is entitled to a new trial.