PER CURIAM.
The defendant appeals from his conviction of attempted first-degree murder and robbery. The defendant’s primary claim is that the trial court erred in denying the defendant’s motion to suppress the admission into evidence of a photo used to identify him, which defendant claims was procured through the coerced consent of his wife. We disagree and affirm the conviction.
Hialeah police officers, investigating an attempted murder and robbery obtained information that Alfred Gillis was involved and was returning to his home in the adjacent municipality of Opa-Locka. The Hialeah police, in fresh investigative pursuit, entered the latter city where, promptly accompanied by Opa-Locka officers, they approached the apartment complex where the defendant lived with his wife. The wife answered the door and permitted the police to make a preliminary sweep of the apartment. At that time th§y discovered the defendant’s wedding picture on top of the television set. The police requested a loan of the photograph. The wife refused, and the police promptly left.
Hialeah police officers then approached the manager of the apartment complex and explained the situation to her. Upon learning that the complex might be harboring a suspect in a crime and also knowing that the couple was behind in their rent payments, the manager explained the circumstances to the building owner. The building owner then approached the defendant’s wife and plainly told her that unless she acceded to the police’s request for the photo, she would be evicted. Whereupon the wife handed the photo over to the police. Thus the defendant claims his wife’s ultimate consent was coerced.
At trial the defendant moved to suppress the photograph from evidence. The trial judge found no police coercion and we agree. The police did not accompany or force the manager or owner to take the action they pursued. Instead, the owner, armed with an independent, legitimate, and private business interest, had a motive to prevail upon the wife, separate and apart from the interest of the police.
Thus, we find that the trial court properly denied the motion to suppress the photograph. Additionally, the Hialeah police who were actively investigating the recently committed crime within that municipality plainly had authority to investigate the crime and legally pursued it into a neighboring municipality. See Goodman v. State, 399 So.2d 1120 (Fla. 4th DCA 1981) (municipal police officer has authority to conduct investigation outside his or her own jurisdiction if subject matter of the investigation originated in his or her own jurisdiction). Moreover, the Hialeah officers were accompanied by Opa-Locka police, thus negating any suggestions that they acted beyond their authority.
All other points raised are without merit.
Affirmed.