648 So.2d 1257 (1995)
Claude EZELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2338.
District Court of Appeal of Florida, Third District.
February 1, 1995.
*1258 Claude Ezell, in pro. per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
Appellant seeks review of the trial court's denial of a rule 3.850 motion.
Appellant was convicted of trafficking in cocaine pursuant to Fla. Stat. 893.153(1)(b) and this court affirmed. See Ezell v. State, 634 So.2d 633 (Fla. 3d DCA 1994). By this motion appellant alleges that trial counsel was ineffective in that counsel failed to object to, and exclude evidence that he had a large amount of money in his possession at the time of arrest.
The evidence was properly admitted at trial. See Williams v. State, 538 So.2d 73 (Fla. 4th DCA 1989); Thomas v. State, 564 So.2d 1263 (Fla. 3d DCA 1990).[1] "Further, defendant's possession of cash was nonexpert evidence the jury was free to consider, along with the other competent evidence such as the amount, condition, sources, and given reasons for carrying the currency, in common sense resolution of the disputed issue." Lowder v. State, 589 So.2d 933, 936 (Fla. 3d DCA), cause dismissed, 598 So.2d 78 (Fla. 1992) (citation omitted).
Since the evidence was admissible at trial, appellant's counsel simply could not have been ineffective for failing to exclude same. See and compare Way v. Dugger, 568 So.2d 1263 (Fla. 1990).
Affirmed.
NOTES
[1] We are aware of the holdings in Barrett v. State, 605 So.2d 560 (Fla. 4th DCA 1992) and Lowder v. State, 589 So.2d 933 (Fla. 3d DCA) cause dismissed 598 So.2d 78 (Fla. 1992) and hold that this case is distinguishable on the facts in that there was a nexus between the arrest and the money, and that the state did not use the evidence to support expert testimony.