697 So.2d 979 (1997)
Derrick FERGUSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0652.
District Court of Appeal of Florida, Fourth District.
August 6, 1997.
*980 Richard L. Jorandby, Public Defender, and Christine Sciarrino, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
The issue in this case is whether, to prove the crime of simple possession of drugs, the prosecution may introduce evidence of cash found on a defendant at the time of his arrest. We hold that under the facts of this case, such evidence is not relevant to prove that a defendant possessed drugs.
On September 1, 1995, deputies from the Broward County Sheriff's Department went to a shopping center to investigate complaints of drug dealing. Upon arrival, the deputies observed a group of men huddled together in a dimly lit portion of the parking lot. One of the deputies testified that she saw the appellant, Derrick Ferguson, step away from the group and drop a clear plastic bag. The deputies scooped up the bag and arrested Ferguson as he tried to walk away. A search of the defendant uncovered $701 in cash in his pocket. Chemical analysis of the contents of the bag revealed the presence of 1.6 grams of cocaine.
The state charged Ferguson with possession of cocaine, contrary to sections 893.13(6)(a) and 893.03(2)(a)4, Florida Statutes (1995). Prior to trial, the defense moved in limine to exclude evidence of the money found on Ferguson on the ground that such evidence was not probative of the possession charge. The trial court denied the motion, and the money was admitted into evidence over objection at trial.
Ferguson denied that he possessed the cocaine. He claimed that the cash seized from him came from his mother, who had given it to him to make a bank deposit. He testified that he lived in the vicinity of the shopping center and had gotten a haircut across the street just before his arrest. By the time he finished with the haircut, the bank was closed.
During closing argument, the prosecutor contended that cash was probative of possession of the cocaine, by insinuating that the defendant was a drug dealer.
Now, if you take a look at what the defendant's version is, his story is he's walking along ... at night in a neighborhood he knows is bad in an unsafe neighborhood with $701 in cash in his pocket. Cash. We know ... that there is frequent drug activity in that neighborhood. That people are mugged there....
Use your common sense, ladies and gentlemen. Ask yourself what he was really doing there.... He is found with ten rocks of cocaine. He is not found with one rock, two, three, ten. If that's not enough he is found with a bundle of cash, $701. He's got twenty-one singles, seven tens, twenty-eight twenties and a fifty.
Now, they would love for you to disregard that. That would make things so much easier if you were to just forget about the money. Because that wouldn't explain to you what he does in that area. If you forget the money, it's a little simpler. Ten rocks and $701 in cash....
Relevant evidence is "evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (1995). Possession of a large amount of cash does not tend to prove a contemporaneous possession of drugs, the crime charged in this case. This is not a case where the crime charged was sale of cocaine or possession with intent to sell. There is nothing "unlawful about having cash in one's pocket." Barrett v. State, 605 So.2d 560, 561 (Fla. 4th DCA 1992). There was no direct connection between the cash seized and the crime charged. Id. As the third district has observed,
[c]arrying cash, rather than a credit card, may have much to do with socioeconomic status and cultural background. There may be many other reasons why people carry cash; for example, cash buying is the choice of those who prefer that their private spending habits not be monitored by easily accessible computers.
Lowder v. State, 589 So.2d 933, 936 (Fla. 3d DCA 1991), appeal dismissed, 598 So.2d 78 *981 (Fla.1992). The inference that a possessor of drugs would carry a large amount of cash is not necessarily accurate; many users are chronically cash poor, since so much of their income goes for drugs.
With the cash in evidence, the state was able to float the specter that Ferguson was a drug dealer, an "evil with which [the defendant] had not been charged." Jackson v. State, 690 So.2d 714, 717 (Fla. 4th DCA 1997). In a similar vein, this court has condemned the evidentiary techniques of establishing guilt by proving the bad reputation of the area where the crime occurred or by showing that a defendant's conduct shared similarities with a general criminal class of persons. See Wheeler v. State, 690 So.2d 1369 (Fla. 4th DCA 1997); Thomas v. State, 673 So.2d 156 (Fla. 4th DCA 1996); Shelton v. State, 654 So.2d 1295 (Fla. 4th DCA 1995).
The first district has also concluded that possession of cash is not relevant to prove simple possession of drugs. In Jackson v. State, 570 So.2d 1388 (Fla. 1st DCA 1990), the defendant was convicted at trial of possession of cocaine. The first district reversed the conviction because $1,500 in cash seized from the defendant at the time of his arrest was admitted into evidence. The court observed that there was no suggestion that the defendant "was engaged in the sale or purchase of cocaine." Id. at 1389. Because Jackson denied possessing the cocaine, claiming that it had been planted on him by the police, his credibility was at issue. The court concluded that
the inescapable result of the improper admission of the cash into evidence was to invite conjecture on the part of the jury that appellant was engaged in other unproven criminal conduct, hence it was all the more likely that he could be guilty of the crime charged.
Id. at 1389.
Similarly, People v. Morales, 133 A.D.2d 90, 518 N.Y.S.2d 437 (N.Y.App.Div.1987), was a case where a police officer testified that at the time of the defendant's arrest for possession of cocaine the defendant had a "wad of money of five, tens and twenty dollar bills." The court held this testimony was not relevant to the charge and was "highly prejudicial, since it suggested that the defendant was involved in the sale of illicit drugs as a business and was likely to have possessed the cocaine recovered." Id.
Given the emphasis placed on the cash by the prosecutor in closing, the erroneous admission of the testimony was a prejudicial error that was not harmless beyond a reasonable doubt. § 924.051(7), Fla. Stat. (Supp.1996); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
REVERSED AND REMANDED.
FARMER and STEVENSON, JJ., concur.