710 So.2d 651 (1998)
Randell HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1706.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
*652 Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas Gurnick, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
We affirm appellant's conviction for trafficking in cocaine in violation of section 893.135(1)(b)1.b, Florida Statutes (1995).
We note that the initial stop of appellant on the Florida Turnpike was for improper display of a temporary vehicle tag. When the officers first saw appellant's car, no tag was visible on the rear of the vehicle. Section 320.131, Florida Statutes (1995), authorized temporary tags, but did not describe how they were to be displayed. Previously, Rule 15C-1.005 of the Florida Administrative Code had authorized the taping of a temporary tag to the "rear view window in an upright position." However, that Rule was repealed as of March 4, 1996. See Fla. Admin.Code R. 15C-1.005 (April, 1996). The date of the arrest was November 20, 1996. At that time, a reasonable reading of the law was that a temporary tag had to be displayed in the same manner as a regular license plate. See §§ 316.221(2), 316.605(1), Fla. Stat. (1995).[1] The argument raised in the motion to suppress that the temporary tag was properly displayed was not well taken.
We find no error in the admission in evidence of the cash found on appellant at the time of his arrest. Unlike Ferguson v. State, 697 So.2d 979 (Fla. 4th DCA 1997), which involved the charge of simple possession of 1.6 grams of cocaine, in this case the cash was relevant to corroborate appellant's statement that he had been given cash by someone in Jacksonville to buy a large amount of cocaine in Miami. See also Ezell v. State, 648 So.2d 1257 (Fla. 3d DCA 1995).
As to the remaining issue, we observe that Officer Lumpkin's stop of the vehicle was at the direction of Trooper Coker, who was within his authority to make a stop for a traffic infraction. See Sims v. State, 425 So.2d 563, 568 (Fla. 4th DCA 1982); Gillis v. State, 634 So.2d 725, 726 (Fla. 3d DCA 1994).
AFFIRMED.
STONE, C.J., and KLEIN and GROSS, JJ., concur.
NOTES
[1] Section 320.131(4), Florida Statutes (1997), now allows temporary tags to be displayed in the rear window of a vehicle. This amendment does not apply to this case, since it did not become effective until October 1, 1997. See Ch. 97-300, §§ 13, 54, at 5398, 5421, Laws of Fla.