■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GEORGE, Appellant. [751 NYS2d 737] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered September 15, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly allowed limited cross-examination of defendant regarding his possession of two beepers since this evidence was relevant to an issue raised during his testimony and was not unduly prejudicial (*see People v Carpenter*, 187 AD2d 519, *lv denied* 81 NY2d 838).

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. After the prosecution explained its reasons for the two challenges at issue, defense counsel remained silent and raised no objection when the court accepted these reasons as nonpretextual. Thus, despite ample opportunity to do so, defendant failed to preserve his current claims for appellate review (*People v Allen*, 86 NY2d 101, 111), and we decline to review them in the interest of justice. Were we to review defendant's claims, we would find that the record supports the court's implicit finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350, *affd* 500 US 352), particularly since it involves demeanor, a factor that the trial court has a unique opportunity to observe, and we do not find any disparate treatment by the prosecutor of similarly situated panelists.

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Tom, Ellerin, Friedman and Marlow, JJ.