950 So.2d 531 (2007)
Matthew BUITRAGO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3379.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, Matthew Buitrago, was convicted of possession of cocaine. During his trial the state was allowed to introduce into evidence the amount of money that the defendant had in his pockets. Under similar circumstances, we have held that cash found on a defendant is not relevant to the crime of possession and tends to suggest that the defendant may be guilty of a crime not charged. See Ferguson v. State, 697 So.2d 979 (Fla. 4th DCA 1997). We therefore reverse.
The evidence at trial revealed that officers executed a traffic stop of a vehicle driven by Buitrago and containing a passenger. On the driver's side floorboard, the officers noticed a clear plastic baggie containing a white powder which proved to be cocaine. Buitrago was arrested and searched, revealing $400 in one pocket and slightly over $400 in the other. Buitrago objected to the introduction of the evidence regarding the money on the ground that it was irrelevant in a simple possession case, but his objection was overruled. Over objection, one of the officers testified that the quantity of drugs found had a street value of around $400.
In closing argument, over objection, the prosecutor argued that the money in Buitrago's pockets proved that Buitrago had knowledge of the drugs, because the amount of money matched up to the amount of drugs found. The prosecutor *532 further stated, "Mr. Buitrago didn't have a chance to finish his drug deal." The jury found Buitrago guilty as charged. The court adjudicated him guilty and sentenced him, prompting this appeal.
Buitrago claims, as he did in the trial court, that the evidence of the money found in his pocket was not only irrelevant but prejudicial in that it suggested that Buitrago may have been guilty of a crime with which he was not charged. We agree.
This case is controlled by Ferguson v. State, 697 So.2d 979 (Fla. 4th DCA 1997). In Ferguson, deputies observed a group of men huddled together in a dimly lit portion of the parking lot. One deputy saw Ferguson step away from the group and drop a clear plastic bag. The deputies retrieved the bag, which contained cocaine, and arrested Ferguson. A search uncovered $701 in cash in his pocket. Prior to trial, the defense moved in limine to exclude evidence of the money, arguing that it was not probative of possession. The court denied the motion. In closing argument, the prosecutor contended the cash was probative of possession of the cocaine by insinuating that Ferguson was a drug dealer.
On appeal, we noted that possession of a large amount of cash does not tend to prove a contemporaneous possession of drugs. We reasoned, "The inference that a possessor of drugs would carry a large amount of cash is not necessarily accurate; many users are chronically cash poor, since so much of their income goes for drugs." Id. at 981. The evidence of the money allowed the state to use the theory that Ferguson was a drug dealer, a crime with which he had not been charged. See also Jackson v. State, 570 So.2d 1388 (Fla. 1st DCA 1990) (error to admit evidence of cash seized from defendant in prosecution for possession of drugs as such evidence invited conjecture that defendant was engaged in other unproven criminal conduct); People v. Morales, 133 A.D.2d 90, 518 N.Y.S.2d 437 (N.Y.App.Div.1987) (evidence that defendant possessed a wad of money upon arrest for possession of cocaine was irrelevant and highly prejudicial as it suggested involvement in uncharged sale of illicit drugs).
The admission of the cash found in this case presents the same problem as is present in Ferguson, Jackson, and Morales. It suggests that Buitrago was participating in a drug deal with which he was not charged. The state even argued as much to the jury.
Because the evidence of the cash was irrelevant and prejudicial, we reverse and remand for a new trial.
GROSS and TAYLOR, JJ., concur.