KLEIN, J.
 

 Appellant was charged with and convicted of possession of cocaine. He argues that the trial court erred in allowing into evidence the fact that he had $200 in his pocket when he was arrested. We reverse.
 

 A detective testified that he observed two people, one flagging down cars in a commercial area. As the officer approached, they started to walk away and appellant dropped cocaine rocks. When the officer picked the rocks up, appellant told him they were fake; however, they tested positive for cocaine. Appellant also had $200 in his pocket.
 

 Over appellant’s objection, the trial court allowed the officer to testify that appellant had $200 in his pocket when he was arrested. Appellant argues that, because he was charged only with possession, the evidence of money found in his pocket was irrelevant and prejudicial. Appellant’s argument is supported by the factually similar cases of
 
 Buitrago v. State,
 
 950 So.2d 531, 532 (Fla. 4th DCA 2007), and
 
 Ferguson v. State,
 
 697 So.2d 979 (Fla. 4th DCA 1997), in which we held that, in possession cases, evidence of money found on the defendant was irrelevant and prejudicial.
 

 The state relies on
 
 Holmes v. State,
 
 710 So.2d 651, 652 (Fla. 4th DCA 1998), but in
 
 Holmes
 
 the defendant was charged with trafficking, which made the cash relevant. Accordingly, as we did in
 
 Buitrago
 
 and
 
 Ferguson,
 
 we reverse for a new trial.
 

 FARMER and DAMOORGIAN, JJ., concur.