■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRISTON LOPEZ, Appellant. [896 NYS2d 409]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Kron, J.), rendered November 20, 2007, convicting him of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after he and the codefendant sold two bags of cocaine to an undercover police officer. Just prior to the arrest, a detective observed the codefendant discard an additional bag of cocaine. At trial, the prosecutor elicited testimony from the arresting officer concerning the additional bag of cocaine and later was permitted, over objection, to introduce the additional bag of cocaine into evidence.

The defendant contends that because only a single sale of narcotics was charged, the evidence that the codefendant possessed additional cocaine was irrelevant, biased the jury, and was improperly admitted.

For evidence of prior criminal or immoral conduct to be admitted, the proponent of the evidence, as a threshold matter, must identify some issue, other than mere criminal propensity, to which the evidence is relevant. Once that showing is made, the court must weigh the probative worth of the evidence against its potential for mischief to determine whether it should be admitted (*see People v Carpenter*, 187 AD2d 519 [1992]; *People v Hudy*, 73 NY2d 40, 55 [1988]; *People v Jackson*, 39 NY2d 64 [1976]). Here, assuming, arguendo, that the evidence in question was not relevant to show the defendant's intent to act in concert with the codefendant to carry out the illegal sale, any error in admitting the evidence was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Prudenti, P.J., Dillon, Eng and Roman, JJ., concur.