■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ULSES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 3, 1983, convicting him of robbery in the first degree, upon his plea of guilty, and sentencing him to an indeterminate term of 4½ to 9 years' imprisonment.

Ordered that the judgment is modified, on the law, by reducing the minimum term of the sentence imposed from 4½ to 3 years; as so modified, the judgment is affirmed.

At the time of sentencing, the court sentenced the defen-

dant predicated upon the alleged fact that robbery in the first degree, pursuant to Penal Law § 160.15 (3) was an armed felony. The defense counsel only challenged the sentence on the ground that the court failed to set forth any special circumstances for imposing a minimum term of imprisonment of one half of the maximum term. As conceded by the People, the court erred in imposing one half of the maximum term since "the crime of robbery in the first degree as defined in Penal Law § 160.15 (3) is not an armed felony since neither the possession nor display of a gun is a statutory element of that crime" *(People v Thorpe,* 129 AD2d 822, 823).

Accordingly, the minimum term of the defendant's sentence should have been one third the maximum (Penal Law § 70.02 [1] [a]; [4]) and we have so modified the sentence. Thompson, J. P., Lawrence, Rubin, Kunzeman and Sullivan, JJ., concur.