■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLENNIE JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered April 15, 1986, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree (two counts), and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to the presentation of the People's case, the trial court ruled, over defense counsel's objection, that the prosecutor could make reference to the fact that $745 had been found in the defendant's possession at the time of his arrest. In so ruling, the court reasoned that the probative value of admitting such evidence would outweigh the potential prejudice to the defendant.

Insofar as the first two counts of the indictment accused the defendant of criminal possession of cocaine and heroin with the intent to sell, evidence of the currency found on the defendant's person at the time of his arrest was properly found to be relevant to proof of the crime charged. Unlike the situation in the First Department case of *People v Jones* (62 AD2d 356), where the crime charged was a single sale of

narcotics, the defendant in the instant case was charged with an intent to sell the drugs found in his possession. The evidence adduced at trial indicated that the defendant was engaged in narcotics activity as a trade. The brown paper bag which the defendant dropped at the scene and which was retrieved by the arresting officers was found by subsequent analysis to contain 30 glassine envelopes containing heroin, 21 tinfoil envelopes containing cocaine, and 2 packets of marihuana. Moreover, a qualified police expert testified that the items recovered at the scene were packaged in a manner commonly designed for street level sales of narcotic substances. Under the circumstances, the currency found on the defendant's person was probative of the counts charging the defendant with possession with intent to sell *(People v Mayas,* 137 AD2d 836; *People v Milom,* 75 AD2d 68; *cf., People v Morales,* 133 AD2d 90; *People v Brown,* 71 AD2d 918; *People v Jones, supra).*

Nor did the prosecutor's cross-examination of a defense witness who invoked his Fifth Amendment privilege constitute reversible error. The prosecutor did not call the witness in question to the stand, but merely attempted to cross-examine him in order to impeach his credibility. The limited inquiries put forth by the prosecutor which the witness refused to answer related to the witness's presence in an apartment where drugs were present on a date subsequent to the crime. The jury was adequately instructed that it was not to draw any unfavorable inferences against the defendant due to this witness's refusal to answer certain questions. Absent a conscious and flagrant attempt by the prosecutor to build a case out of the inferences arising from the use of the testimonial privilege or without some indication that the witness's refusal to testify adds critical weight to the People's case in a form not subject to cross-examination, reversal is not warranted *(see, Namet v United States,* 373 US 179; *People v Berg,* 59 NY2d 294; *People v Beaman,* 122 AD2d 848, *lv denied* 68 NY2d 809; *People v Malphurs,* 111 AD2d 266, *lv denied* 66 NY2d 616, 920). Furthermore, no prejudice will generally be presumed to flow from the refusal of a witness to answer questions concerning acts committed by him unrelated to the defendant's alleged crime *(see, People v Malphurs, supra,* at 271).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.