■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ALEXANDER WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered November 14, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we conclude that the hearing court did not err in denying suppression of the showup identification made by the complainant at the scene of the crime. This showup occurred close in time and proximity to the event, while the complainant's memory was fresh, and was not unduly suggestive (People v Brnja, 70 AD2d 17, affd 50 NY2d 366). Showing the witness the coat recovered near the defendant did not render the identification suggestive (see, People v Johnson, 137 AD2d 719; People v Meeks, 134 AD2d 290). We additionally note that the People established an independent source for the in-court identification. Since no identification procedures were conducted at the precinct, the coincidental meeting of the witness and the defendant there, after the initial identification, did not taint the identification as it was not an initial encounter and was not arranged by the police (cf., People v James, 111 AD2d 254). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. We find that the defendant was identified by the complaining witness as one of the robbers within two minutes of the incident when he was caught hiding underneath a parked car.

The defendant's remaining arguments, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit (see, CPL 190.50 [5] [c]; Colon v City of New York, 60 NY2d 78; People v Ashwal, 39 NY2d 105; People v Reddy, 108 AD2d 945). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.