■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON ADAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered May 29, 1986, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Di Tucci, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in denying suppression of the showup identification made by the complainant near the scene of the crime. While showup procedures are generally disfavored, they are permissible where, as in this case, they are employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (see, People v Love, 57 NY2d 1023; People v Wilson, 149 AD2d 636). The procedure in this case was not rendered unduly suggestive by any words or actions of the police (see, e.g., People v Wilson, supra; People v Meeks, 134 AD2d 290). Additionally, the hearing record contains ample evidence that the complainant observed the defendant during the crime for an adequate period of time at close range under favorable viewing conditions, providing an independent source for the in-court identification of the defendant (see, People v Washington, 111 AD2d 418).

Similarly unavailing is the defendant's contention that the evidence adduced at trial was inadequate to prove his guilt beyond a reasonable doubt. The complainant testified regarding the nature of his injuries and the fact that he experienced pain for approximately two weeks after the incident, thereby satisfying the physical injury requirement of robbery in the second degree (see, e.g., People v Hope, 128 AD2d 638). Furthermore, there was adequate proof that the defendant forcibly stole the complainant's property with the help of an accomplice and knowingly possessed this property with the intent to benefit himself or to impede its recovery by the complainant. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt.

To the extent that the defendant challenges the credibility of the People's witnesses, we note that resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (CPL 470.15 [5]).

With respect to the defendant's claim that the prosecutor's summation comments deprived him of a fair trial, we note that the majority of these comments constituted permissible

responses to the defense counsel's summation *(see, e.g., People v Rosario,* 151 AD2d 517; *People v Glenn,* 140 AD2d 623). While some of the prosecutor's remarks would have been better left unsaid, we do not consider them to be so prejudicial in nature as to have deprived the defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396; *People v Collins,* 123 AD2d 779).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.