■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAWSHONA HOLDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jackson, J.), rendered July 6, 1988, convicting her of reckless endangerment in the first degree, attempted assault in the

second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly concluded that the showup identification procedure used in this case was not unduly suggestive. Although showup procedures are generally regarded as less than ideal *(see, People v Riley,* 70 NY2d 523, 529), where, as here, they are conducted in close spatial and temporal proximity to the commission of the crime, and for the purpose of assuring that the right person was arrested, they are permissible *(see, People v Duuvon,* 77 NY2d 541, 545; *see also, People v Hicks,* 68 NY2d 234, 242; *People v Love,* 57 NY2d 1023). Upon a consideration of the circumstances involved it is evident that the procedure employed in this case was not unduly suggestive *(see, People v Duuvon, supra,* at 543). In any event, we find that the witness's observations of the defendant during the commission of the crime provided a sufficient independent basis for his in-court identification *(see, People v Adams,* 53 NY2d 241, 252; *People v Ballott,* 20 NY2d 600, 606). Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.