■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 4, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence adduced at trial was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. In order to satisfy the "[d]isplays what appears to be a * * * firearm" element of Penal Law § 160.15 (4), the evidence must establish that the defendant or his accomplice consciously displayed something which could reasonably be perceived as a firearm, with the intent of forcibly taking property from another, and that the victim actually perceived that display *(see, People v Lopez,* 73 NY2d 214, 220; *People v Baskerville,* 60 NY2d 374, 381). It is well settled that the object displayed need not closely resemble a firearm or bear a distinctive shape *(see, People v Lopez, supra).* Rather, the display must actually be witnessed in some manner by the victim, *i.e.,* it must appear to the victim by sight, touch, or sound that he or she is threatened by a firearm *(see, People v Lopez, supra; People v Baskerville, supra; People v Weatherly,* 144 AD2d 509).

In this case, the right hand of the defendant's accomplice was partially concealed in his jacket pocket. The victim saw a shiny object in the accomplice's hand. Simultaneous with the

accomplice's threat to the victim that if he were to move, he would "blow [his] * * * head off", the victim felt a blunt instrument jabbing at his side which he reasonably believed to be a gun. Based on the foregoing, we conclude that the evidence adduced at trial amply supported the defendant's conviction for robbery in the first degree.

We also find unpersuasive the defendant's contention that the hearing court erred in denying suppression of the showup identification made by the complainant near the scene of the crime and the subsequent in-court identification of the defendant. While showup procedures are generally disfavored, they are permissible where, as in this case, they are employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (see, People v Duuvon, 77 NY2d 541, 543; People v Riley, 70 NY2d 523, 529; People v Love, 57 NY2d 1023; People v Adams, 163 AD2d 318, 319; People v Palmer, 140 AD2d 720, 721). The procedure in this case was not rendered unduly suggestive by any words or actions of the police (see, People v Adams, supra; People v Wilson, 149 AD2d 636, 637). We note that the hearing record contains ample evidence that the complainant observed the defendant as he walked away from him, at close range under favorable viewing conditions, providing an independent source for the in-court identification of the defendant (see, People v Reid, 175 AD2d 815; People v Greer, 173 AD2d 557; People v Strudwick, 170 AD2d 969, 970; People v Smalls, 112 AD2d 173, 174). Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.