■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALKER, Appellant. [596 NYS2d 160] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered October 30, 1989, convicting him of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, the issue of the legal sufficiency of the evidence is not preserved for appellate review (see, CPL 470.05 [2]; People v Udzinzki, 146 AD2d 245, 248-252). In any event, viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily for the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

In addition, the defendant contends that he was unfairly prejudiced when the trial court in the presence of the jury held two prosecution witnesses in contempt of court owing to their refusal to testify. The defendant argues that this is reversible error because the court and the prosecutor were aware that, if called, these witnesses would refuse to testify. We disagree. "Absent a conscious and flagrant attempt by the prosecutor to build a case out of the inferences arising from the use of the testimonial privilege or without some indication that the witness's refusal to testify adds critical weight to the People's case in a form not subject to cross-examination, reversal is not warranted" (People v Jones, 138 AD2d 405, 406). In his opening statement, the prosecutor informed the jury that they would hear from several eye-witnesses. Additionally, during the prior week the witnesses had informed the prosecutor that they would testify. Accordingly, it was not an improvident exercise of discretion for the court to permit the prosecutor to call these two witnesses in an attempt to induce them to change their mind (see, People v Berg, 59 NY2d 294, 299-300; see, People v Zavaro, 138 AD2d 430, 431).

Moreover, any unfavorable inference which might have been drawn by the jury was dispelled by the court's curative instructions immediately after each witness was held in contempt *(see, People v Jones,* 138 AD2d 405, 406, *supra).*

We have considered the defendant's remaining contentions including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.