■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS PENA, Appellant. [597 NYS2d 105] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 22, 1990, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, grand larceny in the fourth degree (two counts), criminal possession of stolen property in the fourth degree, and endangering the welfare of a child, and imposing sentence of two concurrent indeterminate terms of 10 to 20 years imprisonment, to run concurrently to three concurrent indeterminate terms of 5 to 15 years imprisonment, to run concurrently to three concurrent indeterminate terms of 1 to 3 years imprisonment, to run concurrently to definite terms of 1 year and 6 months imprisonment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is modified, on the law, by reducing the minimum term of the sentence imposed upon the defendant's conviction under count two of the indictment, charging him with robbery in the first degree, from 10 to 6⅔ years; as so modified, the judgment is affirmed.

Within one half hour after receiving a radio report of a robbery at a clothing store and a description of the perpetrators and their vehicle, including the license plate number, the police stopped the defendant's vehicle four blocks from the scene of the crime. The proprietor of the store was brought to the location and identified the defendant's accomplice, but he

could not positively identify the defendant. Shortly thereafter, the defendant and the accomplice were transported back to the store, whereupon a customer who witnessed the incident positively identified both of them as the perpetrators.

Contrary to the defendant's contention on appeal, the court did not err in denying suppression of the showup identification by the customer. "While showup procedures are generally disfavored, they are permissible where, as in this case, they are employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification" *(People v Adams,* 163 AD2d 318, 319; *see also, People v Duuvon,* 77 NY2d 541; *People v Holder,* 178 AD2d 436; *People v West,* 128 AD2d 570; *People v Nimmons,* 123 AD2d 648; *People v Digiosaffatte,* 63 AD2d 703). Moreover, the record contains no evidence of any police conduct that rendered the showup in question unduly suggestive in any manner *(see, People v Jackson,* 180 AD2d 756; *People v Adams,* 163 AD2d 318; *People v Drake,* 141 AD2d 560; *People v Papile,* 113 AD2d 776).

In addition, we find that the court properly rejected the defendant's request for new counsel as merely a dilatory tactic, since it was made after most of the pretrial hearing had been held and immediately before the jury was empanelled *(see, People v Jones,* 182 AD2d 708; *People v Green,* 181 AD2d 693; *People v Maldonado,* 178 AD2d 554; *People v Gloster,* 175 AD2d 258; *People v Moore,* 172 AD2d 854; *People v Branch,* 155 AD2d 473).

Upon the defendant's conviction for robbery in the first degree under count two of the indictment (Penal Law § 160.15 [3]), he was sentenced to an indeterminate term of 10 to 20 years imprisonment. As conceded by the People, the court erred in imposing a minimum of one-half of the maximum term, inasmuch as the crime of robbery in the first degree, as defined in Penal Law § 160.15 (3), is not an "armed felony" *(see,* CPL 1.20 [41]). Neither the possession nor display of a gun is a statutory element of that crime *(see, People v Seifert,* 173 AD2d 655; *People v Ulses,* 132 AD2d 584; *People v Thorpe,* 129 AD2d 822). Accordingly, the minimum term of imprisonment on this count should have been one-third the maximum imposed *(see,* Penal Law § 70.02 [4]).

Finally, the defendant's contentions that the sentence on the whole was unduly excessive and constituted punishment for proceeding to trial are without merit *(see, People v Suitte,* 90 AD2d 80; *see also, People v Pena,* 50 NY2d 400, 412, *cert denied* 449 US 1087; *People v Canute,* 190 AD2d 745; *People v*

*Sherrod,* 181 AD2d 700; *People v Nelson,* 179 AD2d 784, 786; *People v Brown,* 157 AD2d 790, 792; *People v Cunningham,* 153 AD2d 700; *cf., People v Patterson,* 106 AD2d 520, 521). Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.