■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GRASSIA, Appellant. [601 NYS2d 124] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 22, 1991, convicting him of attempted robbery in the first degree and menacing in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the hearing court erred in denying suppression of the showup identification made by the complainant near the scene of the crime. While showup procedures are generally disfavored they are permissible where, as in this case, they are employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (see, People v Duuvon, 77 NY2d 541; People v Love, 57 NY2d 1023; People v Jackson, 180 AD2d 756; People v Holder, 178 AD2d 436; People v Adams, 163 AD2d 318). The fact that the defendant was handcuffed and in the company of the police did not render the showup constitutionally infirm (see, People v Whitney, 158 AD2d 734; People v Dennis, 125 AD2d 325).

We also find that the prosecutor's cross-examination of a defense witness who invoked her Fifth Amendment privilege against self-incrimination did not constitute reversible error. Absent a conscious and flagrant attempt by the prosecutor to build a case out of the inferences arising from the use of the testimonial privilege or without some indication that the witness's refusal to testify adds critical weight to the People's case in a form not subject to cross-examination, reversal is not warranted (see, People v Walker, 192 AD2d 631; People v Jones, 138 AD2d 405; see also, People v Berg, 59 NY2d 294). The prosecutor did not call the witness in question to the stand, but merely attempted to cross-examine her in order to impeach her credibility. The prosecutor's questions related to acts committed by the witness which were probative of her

credibility. No prejudice will generally be presumed to flow from the refusal of a witness to answer questions concerning acts committed by her and unrelated to the defendant's alleged crime *(see, People v Jones, supra; People v Malphurs,* 111 AD2d 266).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Pizzuto and Joy, JJ., concur.