■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE RIVERA, Appellant. [613 NYS2d 210] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 5, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that it was error to allow the prosecutor to call at trial a Grand Jury witness who had indicated that he would refuse to testify at trial. While it was error to allow the witness to be called, we find the error to be harmless.

"Absent a conscious and flagrant attempt by the prosecutor to build a case out of the inferences" arising from the witness's refusal to testify, "or without some indication that the witness's refusal to testify adds critical weight to the People's case in a form not subject to cross-examination, reversal is not warranted" *(People v Jones,* 138 AD2d 405, 406; *People v Grassia,* 195 AD2d 607). Since the defendant's uncle informed the prosecutor that he would testify up to the day before he was supposed to testify, it was not an improvident exercise of discretion for the court to permit the prosecutor to call the uncle in an attempt to change his mind *(see, People v Berg,* 59 NY2d 294, 299-300; *People v Walker,* 192 AD2d 631). Additionally, the trial court's curative instructions to the jury, immediately after dismissing the defendant's uncle and during the general charge, was sufficient to dispel any unfavorable inference which the jury might have drawn *(see, People v Berg, supra; People v Jones, supra).* Finally, we also find that the uncle's refusal to testify did not add critical weight to the prosecution's case *(People v Jones, supra).* Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.