In the Matter of SHARROD J., a Person Alleged to be a Juvenile Delinquent, Appellant. [613 NYS2d 262] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Martinez-Perez, J.), dated June 21, 1991, which, upon a fact-finding order of the same court, dated May 14, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), assault in the second degree, robbery in the third degree (two counts), grand larceny in the fourth degree (two counts), petit larceny (two counts), assault in the third degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent, and conditionally discharged him for a period of 12 months. The appeal brings up for review the fact-finding order dated May 14, 1991.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly concluded that the identification procedure used in this case was not unduly suggestive. While showups are generally disfavored, they are permissible when, as here, they are employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification *(see, People v Duuvon,* 77 NY2d 541; *People v Love,* 57 NY2d 1023; *People v Jackson,* 180 AD2d 756; *People v Holder,* 178 AD2d 436). The facts that the appellant was handcuffed and in the company of the police does not render the showup constitutionally infirm *(see, People v Grassia,* 195 AD2d 607; *People v Whitney,* 158 AD2d 734; *People v Dennis,* 125 AD2d 325).

Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the appellant's remaining contention and find it to be without merit. Bracken, J. P., Miller, Copertino and Hart, JJ., concur.