■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Also Known as CARLOS ORTIZ, Appellant. [631 NYS2d 869] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered June 9, 1994, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in submitting the charge of robbery in the first degree to the jury because he established the affirmative defense that the object he displayed was not a loaded weapon *(see,* Penal Law § 160.15 [4]). The court properly denied the defendant's motion to dismiss that count as he failed to prove the affirmative defense as a matter of law.

"In order to satisfy the '[d]isplays what appears to be a * * * firearm' element of Penal Law § 160.15 (4), the evidence must establish that the defendant * * * consciously displayed something which could reasonably be perceived as a firearm, with the intent of forcibly taking property from another, and

that the victim actually perceived that display" *(People v Jackson,* 180 AD2d 756; *see, People v Lopez,* 73 NY2d 214, 220). Moreover, the object displayed need not closely resemble a firearm or bear a distinctive shape, but rather, the display "must actually be witnessed in some manner by the victim, i.e., it must appear to the victim by sight, touch, or sound that he or she is threatened by a firearm" *(People v Jackson, supra* at 756; *see, People v Lopez, supra).*

Here, the victim testified that the defendant approached him, asked for his money, told him that he had a gun and put his hand in his pocket. The defendant pointed at the victim through his pocket and acted as if he had a gun. Although the defendant's accomplice testified that the defendant was carrying a beer bottle in his pocket and that the defendant told the victim that it was a gun, the accomplice also testified that he did not know if the defendant was carrying a gun in addition to the beer bottle and that the defendant said he had a gun in his pocket. The arresting officer did not find a gun in the defendant's possession; however, the arrest occurred approximately one-half hour after the crime. Thus, the court properly submitted the count of robbery in the first degree to the jury.

We disagree with our dissenting colleague that the defendant's conviction of robbery in the first degree was against the weight of the evidence. The victim's testimony was sufficient to establish the elements of the crime beyond a reasonable doubt. The proof of the affirmative defense depended upon the credibility of the accomplice's testimony with respect to the beer bottle, which testimony the jury could have rejected. Moreover, the prosecutor's summation comment with respect to the affirmative defense did not deprive the defendant of a fair trial as the court, in its charge, instructed the jury that if the defendant met his burden of proving by a preponderance of the evidence that what was displayed was not a loaded gun, then he could not be found guilty of robbery in the first degree.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). His remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Santucci and Joy, JJ., concur.

Goldstein, J., concurs in part, and dissents in part, and votes to modify the judgment, on the facts, by reducing the defendant's conviction of robbery in the first degree to robbery in the second degree, and vacating the sentence imposed, and as so modified, to affirm the judgment appealed from, and to remit the matter to the Supreme Court, Queens County, for

resentencing on all counts, with the following memorandum: The defendant was charged, *inter alia,* with robbery in the first degree in that, "in the course of the commission of the crime or of immediate flight therefrom, [he] displayed what appeared to be a pistol or revolver" *(see,* Penal Law § 160.15 [4]). The defendant raised, as an affirmative defense, that what appeared to be a pistol or revolver "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]).

The complainant only observed something "[p]ointing out" of the defendant's pocket, which the defendant claimed was a gun. In support of that affirmative defense, the defendant elicited testimony on cross-examination of the arresting officer that the defendant did not have a gun on his person at the time of the arrest, which occurred within one-half hour of the crime.

Further, the defendant's accomplice, who testified for the People, testified on direct examination that the defendant "motioned toward his pocket in which was a beer bottle, and he told [the complainant] it was a gun". On cross-examination, the accomplice reiterated that, during the robbery, the defendant "said he had a gun but it was just a Heineken [beer] bottle" in his pocket, which he told the complainant was a gun. On redirect examination, the prosecutor asked the accomplice "So you don't know if he also had a gun, too?" and "You don't know what he had in his pockets?", and the accomplice replied, "No, I don't" to both questions. The accomplice then confirmed that the defendant said he had a gun.

Thus, the defendant's accomplice, testifying for the prosecution, stated unequivocally that the object which the defendant claimed was a gun was, in fact, a beer bottle. The People's evidence to the contrary consisted of the undisputed fact that the defendant told the complainant he had a gun, and the accomplice's testimony that he did know what the defendant had in his pockets besides the beer bottle. However, there is no evidence that anything other than the beer bottle was displayed to the complainant. The accomplice's testimony that he did not know what other things the defendant may have had in his pockets was "unavailing and equivocal" *(People v Owens,* 203 AD2d 916, 917; *see, People v Torres,* 185 AD2d 257). Accordingly, I find that the defendant's conviction of robbery in the first degree is against the weight of the evidence, and I would reduce it to robbery in the second degree, and remit the matter to the Supreme Court, Queens County, for resentencing on all counts.

The prosecutor, over objection, which was overruled by the trial court, committed error when he argued, with respect to the affirmative defense to robbery in the first degree: "If somebody comes to you on the street, got his hand in his pocket, there's a bulge there and he says, I have a gun, are you convinced that he doesn't. And if you ain't convinced that he did not have a gun, then I submit to you you don't reduce this charge of rob one down to rob two".

The implication of that comment was that the complainant's belief during the robbery that the bulge in the defendant's pocket was a gun conclusively rebutted any proof of the affirmative defense. If such were the case, it would be impossible to establish the affirmative defense.

The majority finds that comment did not deprive the defendant of a fair trial, because the jury later received instructions with respect to the affirmative defense to robbery in the first degree. However, those instructions consisted of the standard jury charge (see, 2 CJI[NY] PL 160.15 [4]), which did nothing to correct the erroneous impression left by the prosecutor.

Therefore, were I not voting to reduce the defendant's conviction of robbery in the first degree to a conviction of robbery in the second degree, I would order a new trial on that count. [See, 161 Misc 2d 198.]