■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS JONES, Appellant. [632 NYS2d 201] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered November 15, 1993, convicting him of attempted burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the appeal is dismissed.

Since the defendant is a fugitive and is unavailable to obey the mandate of the court, the appeal is dismissed (see, People v Barnes, 143 AD2d 837). Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARAT KRIVOI, Appellant. [632 NYS2d 201] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered December 14, 1992, convicting him of assault in the first degree (two counts), criminal use of a firearm in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Boklan, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

The showup identification, which took place in close spatial and temporal proximity to the commission of the crime, was proper (see, People v Duuvon, 77 NY2d 541, 542; People v Mc-Cray, 213 AD2d 428; People v Vargas, 208 AD2d 781; People v Yearwood, 207 AD2d 365; Matter of Sharrod J., 205 AD2d 628).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are without merit. Thompson, J. P., Copertino, Hart and Goldstein, JJ., concur.