■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL ALSTON, Appellant. [896 NYS2d 410]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered December 4, 2008, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 10 years on each count of robbery in the second degree, and one year for criminal possession of stolen property in the fifth degree, with five years of postrelease supervision, to be served concurrently with each other, and consecutively to sentences the defendant received in Nassau County for his convictions on related offenses.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the sentences for each count of robbery in the second degree to determinate terms of four years imprisonment, to be served concurrently with each other and concurrently with the sentences the defendant received in Nassau County for his convictions on related offenses.

The defendant took part in two robberies, one in Queens and another in Nassau County, in which he was the getaway driver while three others used a BB gun to steal iPods and cell phones from two victims. The defendant gave a statement to police in which he admitted his involvement in the robberies. The defendant signed a grand jury waiver, and the prosecutor asked him about both the Queens robbery and the Nassau robbery in front of the grand jury. The Supreme Court denied the defendant's motion to dismiss the indictment on the ground that the

prosecutor should not have introduced the evidence of the Nassau robbery before the grand jury in Queens.

At trial, one of the men arrested with the defendant, Walter Greene, took the stand and immediately invoked his privilege against self-incrimination pursuant to the Fifth Amendment of the United States Constitution. After some discussion, the prosecutor began asking Greene preliminary questions, and he answered them. Greene's attorney then stopped the questioning and moved to suspend the testimony until the next day. The following day, Greene's attorney stated that he had conferred with his client, and advised him to assert his Fifth Amendment privilege, and that Greene had no intention of testifying. The Supreme Court denied the motion of the defendant's attorney for a mistrial, but struck Greene's testimony, issued a curative instruction, and precluded the attorneys from discussing Greene's testimony in their summations.

The jury convicted the defendant of robbery in the second degree (two counts), and criminal possession of stolen property in the fifth degree. On December 4, 2008, the court sentenced the defendant, as a first-time offender, to determinate terms of imprisonment of 10 years for each count of robbery in the second degree, and one year for criminal possession of stolen property in the fifth degree, to be served concurrently with each other, and consecutively to sentences the defendant received in Nassau County for his conviction on related offenses. On appeal, the defendant contests both the convictions and the sentence.

"[A] witness's invocation of the Fifth Amendment privilege may amount to reversible error in two instances: one, when the prosecution attempts to build its case on inferences drawn from the witness's assertion of the privilege, and two, when the inferences unfairly prejudice defendant by adding 'critical weight' to the prosecution's case in a form not subject to cross-examination" (*People v Vargas*, 86 NY2d 215, 221 [1995], citing *Namet v United States*, 373 US 179, 186-187 [1963]; *People v Berg*, 59 NY2d 294, 298 [1983]). "Absent a conscious and flagrant attempt by the prosecutor to build a case out of the inferences arising from the use of the testimonial privilege or without some indication that the witness's refusal to testify adds critical weight to the People's case in a form not subject to cross-examination, reversal is not warranted" (*People v Jones*, 138 AD2d 405, 406 [1988]). Under these circumstances, Greene's invocation of the Fifth Amendment privilege against self-incrimination did not add critical weight to the prosecution's case, and the defendant was not deprived of his right to a fair

trial by Greene's testimony (*see People v Berg*, 59 NY2d 294, 298 [1983]; *People v Rivera*, 205 AD2d 563 [1994]; *cf. People v Anderson*, 123 AD2d 770, 774-775 [1986]).

The defendant's contention that the People deprived him of a meaningful opportunity to testify before the grand jury by failing to accept his limited grand jury waiver is unpreserved for appellate review, as the defendant failed to make this specific argument before the Supreme Court (*see* CPL 470.05 [2]). In any event, although "a prospective defendant who elects to testify before the Grand Jury does not waive the privilege against self-incrimination as to credibility questioning regarding unrelated pending charges" (*People v Smith*, 87 NY2d 715, 721 [1996]; *see generally* CPL 190.50 [5] [a]), the Nassau County charges were related, and the prosecutor properly questioned the defendant about them before the grand jury (*see People v Colon*, 306 AD2d 213, 214 [2003]; *cf. People v Jorge*, 172 Misc 2d 795, 796 [1997]).

The defendant's sentence for each count of robbery in the second degree was excessive and is reduced to a determinate term of four years on each count.

Moreover, the court erred in finding that it did not have the authority to direct that the defendant's Queens sentence run concurrently with his Nassau sentence. Indeed, the court had the authority to direct that the sentences run either concurrently or consecutively (*see* Penal Law § 70.25 [1]; *Matter of Murray v Goord*, 1 NY3d 29, 31 [2003]; *People v Gonzalez*, 199 AD2d 65 [1993]). Considering the factors discussed above, we conclude that the court should have directed that the sentences run concurrently.

The defendant's contention, raised at point IV of his brief, is without merit. The defendant's remaining contention, raised at point III of his brief, is unpreserved for appellate review and, in any event, is without merit. Rivera, J.P., Leventhal, Lott and Austin, JJ., concur. **[Prior Case History: 21 Misc 3d 1133(A), 2008 NY Slip Op 52333(U).]**