■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VETAL BONHOMME, Appellant. [925 NYS2d 157]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Wetzel, J.), rendered March 24, 2010, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly declared that one of the People's witnesses was hostile because she gave testimony which tended to disprove the People's case, and thus, the Supreme Court properly permitted the People to impeach the witness with her prior inconsistent statements (*see* CPL 60.35 [1]; *cf. People v Saez*, 69 NY2d 802, 804 [1987]; *People v Fitzpatrick*, 40 NY2d 44, 50 [1976]; *People v Spurgeon*, 63 AD3d 863, 864 [2009]). The Supreme Court gave a limiting instruction at the close of the People's case, rather than at the time that the witness was impeached. Because the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the delay in giving the limiting instruction contributed to his conviction, any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The Supreme Court properly admitted a copy of a DVD showing the crime scene because the chain of custody established the authenticity of the DVD by clear and convincing evidence and that it had not been tampered with (*see People v Ely*, 68 NY2d 520 [1986]; *People v McGee*, 49 NY2d 48 [1979], *cert denied sub nom. Waters v New York*, 446 US 942 [1980]).

The Supreme Court properly admitted the defendant's cell phone records through the testimony of the Sprint Nextel records custodian, who testified that she was familiar with the record-keeping practices of the company, that the defendant's cell phone records were made in the regular course of business, that it was the regular course of business to make the records, and that the records were made contemporaneously with incoming and outgoing phone calls (*see People v Kennedy*, 68 NY2d 569 [1986]; CPLR 4518).

The Supreme Court properly denied the defendant's "for cause" challenge to a prospective juror who was a police officer and was friendly with several assistant district attorneys in the Westchester County District Attorney's office. Upon voir dire questioning, the witness unequivocally stated that he could be impartial (*see People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Culhane*, 33 NY2d 90, 108 n 3 [1973]).

The defendant's remaining contentions are without merit. Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.