██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER BERRY, Also Known as CHRIS TUCKER, Appellant. [973 NYS2d 338]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered June 17, 2009, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"[A] witness's invocation of the Fifth Amendment privilege may amount to reversible error in two instances: one, when the prosecution attempts to build its case on inferences drawn from the witness's assertion of the privilege, and two, when the inferences unfairly prejudice defendant by adding 'critical weight' to the prosecution's case in a form not subject to cross-examination" (*People v Vargas*, 86 NY2d 215, 221 [1995], citing *Namet v United States*, 373 US 179, 186-187 [1963]; *see People v Berg*, 59 NY2d 294, 298 [1983]; *People v Alston*, 71 AD3d 684 [2010]). "Absent a conscious and flagrant attempt by the prosecutor to build a case out of the inferences arising from the use of the testimonial privilege or without some indication that the witness's refusal to testify adds critical weight to the People's case in a form not subject to cross-examination, reversal is not warranted" (*People v Jones*, 138 AD2d 405, 406 [1988]). Under the circumstances presented here, invocation of the Fifth Amendment privilege against self-incrimination by a prosecution witness did not add critical weight to the prosecution's case, and the defendant was not deprived of his right to a fair trial by that testimony (*see People v Berg*, 59 NY2d at 298; *People v Alston*, 71 AD3d at 685). Furthermore, the Supreme Court properly permitted the People to impeach that witness with a prior inconsistent statement (*see* CPL 60.35 [1]; *People v Bonhomme*, 85 AD3d 939 [2011]; *People v Jones*, 25 AD3d 724 [2006]; *People v Magee*, 128 AD2d 811 [1987]).

The defendant's challenges to the prosecutor's cross-examination of the defense expert and to certain remarks during summation are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the cross-examination was proper (*see*

*People v Rivera*, 91 AD3d 972, 973 [2012]), and the challenged summation remarks were within the broad bounds of rhetorical comment permissible in closing arguments, were responsive to arguments made by defense counsel in summation, or constituted fair comment on the evidence (*see People v Withfield*, 106 AD3d 760, 761 [2013], *lv denied* 21 NY3d 1021 [2013]; *People v Brown*, 106 AD3d 754 [2013], *lv denied* 21 NY3d 1014 [2013]). The defendant's challenge of the prosecutor's use of slides during summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, under the circumstances of this case, the prosecutor's use of slides as visual aids during summation did not prejudice the defendant or deprive him of a fair trial (*see generally People v Baker*, 14 NY3d 266 [2010]; *see People v Tiro*, 100 AD3d 663 [2012]).

The Supreme Court improperly admitted into evidence a photograph of the victim taken when he was alive, because this evidence was not relevant to any material fact to be proved at trial (*see People v Wilson*, 71 AD3d 799, 800 [2010]; *People v Abdur-Rahman*, 69 AD3d 951 [2010]; *People v Thompson*, 34 AD3d 852, 854 [2006]). However, the error was harmless, as there was overwhelming evidence of the defendant's guilt even if the photograph had not been admitted into evidence, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Thompson*, 34 AD3d 852 [2006]).

The defendant's remaining contention is without merit. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.