■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE ANDERSON EDWARDS, Appellant. [992 NYS2d 368]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered April 1, 2011, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant intended to cause the death of the victim. Here, intent can be inferred from the defendant's conduct and the surrounding circumstances (*see People v Bracey*, 41 NY2d 296, 301 [1977]; *People v Bryant*, 39 AD3d 768, 769 [2007]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord

great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the People's summation remarks constituted reversible error is largely unpreserved for appellate review (*see People v Tonge*, 93 NY2d 838 [1999]; *People v Gray*, 86 NY2d 10, 19-20 [1995]; *People v Heide*, 84 NY2d 943, 944 [1994]; *People v Williams*, 46 NY2d 1070, 1071 [1979]). In any event, the summation comments alleged to be inflammatory and prejudicial were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-111 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Crawford*, 54 AD3d 961 [2008]), stricken, thereby dissipating any prejudice resulting from the improper comment (*see People v Berg*, 59 NY2d 294 [1983]; *People v Arce*, 42 NY2d 179, 187 [1977]; *People v Gouveia*, 88 AD3d 814, 815-816 [2011]), or constituted harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Persaud*, 98 AD3d 527, 529 [2012]).

The defendant's contention that the Supreme Court erred in denying his motion for a mistrial after the prosecutor called a witness who, when asked if she recognized anyone in the courtroom, responded that she could not remember, is without merit (*see People v Berg*, 59 NY2d at 298; *People v Berry*, 110 AD3d 1002, 1002 [2013]; *People v Alston*, 71 AD3d 684, 685 [2010]; *People v Torres*, 141 AD2d 682 [1988]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit (*see People v Crimmins*, 36 NY2d at 242). Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.